757 F.2d 218
 50 Fair Empl.Prac.Cas. 1331,
33 Empl. Prac. Dec. P 34,215,
36 Empl. Prac. Dec. P 34,933,
47 Empl. Prac. Dec. P 38,258
James CARPENTER, Plaintiff-Appellant,
v.
Paul W. REED ex rel. The DEPARTMENT OF PUBLIC SAFETY,
Defendant-Appellee.
 No. 83-1021.
 United States Court of Appeals,
Tenth Circuit.
 Jan. 11, 1985.
 
 James Carpenter, pro se.
 Stephen G. Fabian, Jr., Associate Counsel, Dept. of Public Safety, Oklahoma City, Okl., for defendant-appellee.
 ORDER AND JUDGMENT
 Before SETH, McKAY, and SEYMOUR, Circuit Judges.
 This matter comes on for consideration of Carpenter's motion for rehearing, which we construe as a motion to recall the mandate. Upon consideration thereof, the motion is granted.
 On appeal we determined that Carpenter's Title VII and 42 U.S.C. Sec. 1981 claims were barred by the doctrine of res judicata as applied to the prior state court proceeding. In his motion for rehearing, Carpenter specifically asserts that the Oklahoma State Personnel Board did not have the authority to address the issue of racial discrimination at the time of the July 1979 hearings before that Board. Because we have concluded on rehearing that we cannot determine on this record whether res judicata can properly be applied in this case, our prior opinion, Carpenter v. Reed ex rel. The Department of Public Safety, No. 83-1021 (10th Cir. filed March 7, 1984), is hereby vacated.
 
 
 1
 Carpenter claims that defendant wrongfully terminated his employment as an Oklahoma state highway patrolman because of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq. (1982) and 42 U.S.C. Sec. 1981 (1982). Prior to Carpenter's federal action, he appealed both his suspension and subsequent termination to the Personnel Board. That board upheld his suspension and termination, finding that he had violated Department of Public Safety policy. Carpenter sought judicial review in the state district court, which found that substantial evidence supported the Personnel Board's determination. In addition, the court held that Carpenter had not been deprived of his First Amendment rights or his right to due process or equal protection. Carpenter did not seek review by the state supreme court.
 
 
 2
 Carpenter subsequently brought this action in federal district court, which held his Title VII and Sec. 1981 claims barred under the doctrine of res judicata by the prior state court proceeding. The court dismissed Carpenter's civil rights action with prejudice.
 
 
 3
 The federal courts are required by the full faith and credit provision of 28 U.S.C. Sec. 1738 (1982) to give res judicata effect to a state judgment to the extent the state would give its own prior judgment such effect. Davis v. United States Steel Supply, 688 F.2d 166, 170 (3d Cir.1982) (en banc), cert. denied, 460 U.S. 1014, 103 S.Ct. 1256, 75 L.Ed.2d 484 (1983). We conclude that under Oklahoma law, res judicata effect would be given a state court judgment that affirms an administrative determination. See Magnolia Petroleum Co. v. State, 175 Okla. 11, 52 P.2d 81 (1935); see also City of Tulsa v. Midland Valley Railroad Co., 168 F.2d 252, 254 (10th Cir.1948); cf. Stillwater Savings & Loan Association v. Oklahoma Savings & Loan Board, 534 P.2d 9, 10 (Okla.1975).
 
 
 4
 Exceptions to section 1738 will not be recognized unless a later statute contains an express or implied partial repeal. Allen v. McCurry, 449 U.S. 90, 97-99, 101 S.Ct. 411, 416-417, 66 L.Ed.2d 308 (1980). The Supreme Court has specifically stated that neither Title VII, see Kremer v. Chemical Construction Corp., 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed. 262 (1982), nor Sec. 1983, see Migra v. Warren City School District Board of Education, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), contains such exceptions to the traditional rules of preclusion. The same logic applies to section 1981. See Davis, 688 F.2d at 174-77; Mitchell v. National Broadcasting Co., 553 F.2d 265 (2d Cir.1977).
 
 
 5
 In this case, the district court concluded that Carpenter could have raised his discrimination claim in the July 1979 hearings before the Personnel Board, and that his federal suit was therefore barred. On rehearing Carpenter asserts that this claim could not have been presented to the Board at those hearings because the Board's authority and duty to conduct hearings on state employees' discrimination claims brought pursuant to Okla.Stat. tit. 74, Sec. 954 (Supp.1970) arises after the Oklahoma Human Rights Commission receives and investigates such complaints. In support of this contention Carpenter cites 4 Okla.Op.Atty.Gen. 118, No. 71-186 (1971).
 
 
 6
 Under Oklahoma law, the Human Rights Commission has statutory authority to receive and investigate complaints of racial discrimination in state employment. See Okla.Stat. tit. 25 Sec. 1501 (1973). The law in effect at the relevant time also provided:
 
 
 7
 "It shall be the duty of the State Personnel Board to investigate, upon its own initiative, upon complaint filed by any aggrieved person, or upon complaint filed by the Human Rights Commission, any violation of this section and to enforce compliance with the same, both in the classified and the nonclassified service. The Human Rights Commission shall investigate, upon its own initiative or on complaint filed with it, any such violation and may file a formal complaint with the State Personnel Board. When any complaint is filed by the Human Rights Commission with the State Personnel Board, the State Personnel Board, shall set a hearing on the same, at which hearing the Director of the Human Rights Commission, or his representative, may appear and present the finding of the Commission in regard to such violation."
 
 
 8
 Okla.Stat. tit. 74 Sec. 954 (emphasis added).[1] In construing these two statutes together, the Oklahoma Attorney General's opinion states that
 
 
 9
 "it seems evident that while the Human Rights Commission may receive complaints and conduct investigations on matters involving employment practices of State employees; that in matters relating to discrimination it is the duty of the State Personnel Board to conduct the hearings thereon and issue and enforce its orders resulting from the violations of the act."
 
 
 10
 4 Okla.Op.Atty.Gen. 118, 120-21. It thus appears that the Human Rights Commission may investigate discrimination complaints by a state employee but if a hearing is required, the Personnel Board must conduct it.
 
 
 11
 The record discloses that the Equal Employment Opportunity Commission (EEOC) sent Carpenter's discrimination complaint to the Oklahoma Human Rights Commission on or before August 6, 1979. Thus Carpenter's hearings before the Personnel Board, which took place in July, occurred before the Human Rights Board had had an opportunity to begin its investigation. Carpenter received his Notice of Right to Sue letter from the EEOC in October 1981. However, the record does not reflect whether the Human Rights Board conducted an investigation or simply referred the matter back to the EEOC at the end of sixty days. See 42 U.S.C. Sec. 2000e-5(d) (1982).
 
 
 12
 We cannot determine on this record whether Carpenter, who properly filed his discrimination claim with the EEOC pursuant to Title VII, was also required by Oklahoma law to file the same claim with the Personnel Board when presenting his nondiscrimination claims to that body. We note that the EEOC apparently defers discrimination claims by state employees to the Human Rights Commission, not the Personnel Board. Moreover, and most importantly, we are unable to determine whether, given the language of section 954, the State Personnel Board could have heard the discrimination claim when the Human Rights Commission had not had an opportunity to conduct an investigation and had not filed a complaint with the Personnel Board.
 
 
 13
 Accordingly, we reverse the district court and remand for further proceedings. Carpenter's discrimination claim is barred by res judicata only if defendant establishes that Carpenter was required to present that claim to the Personnel Board at the July 1979 hearings and that the Board had the authority to consider it under the existing circumstances.
 
 
 
 [1]
 This statute was amended by Laws 1982, c. 338, Sec. 52, eff. July 1, 1982