802 F.2d 1289
 50 Fair Empl.Prac.Cas. 1294,
41 Empl. Prac. Dec. P 36,678
Clarence SCROGGINS, Plaintiff-Appellant,
v.
STATE OF KANSAS, DEPARTMENT OF, HUMAN RESOURCES, DIVISION OF
CETA; Dr. Harvey L. Ludwick; Fred Ramirez;
Richard Hernandez; Dean Engroff; Bill
Medlock; and Alan Abromovitz,
Defendants-Appellees.
 No. 85-1451.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 7, 1986.
 
 Kenneth F. Crockett of Tilton, Dillon, Beck & Crockett, Topeka, Kan., for plaintiff-appellant.
 David D. Plinsky, Asst. Atty. Gen. (Robert T. Stephan, Atty. Gen., with him on brief), Topeka, Kan., for defendant-appellee State of Kan., Dept. of Human Resources, Div. of CETA.
 Karl V. Cozad, Staff Atty. (H. Dean Cotton, Staff Atty., with him on brief), Kan. Dept. of Human Resources, Topeka, Kan., for the individual defendants-appellees.
 Before BARRETT, MOORE, and TACHA, Circuit Judges.
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 10(e). The cause is thereby submitted without oral argument.
 
 
 2
 This appeal challenges the application of res judicata to appellant's federal suit alleging racial discrimination in his employment. We find that under the facts presented here, the district court erred in dismissing the complaint.
 
 
 3
 Clarence Scroggins, appellant, was a Contract Compliance Field Investigator (EEO officer) employed by the State of Kansas, Department of Human Resources, Division of CETA (the Agency). Shortly after his promotion to this position, Mr. Scroggins, who is black, became frustrated with the lack of departmental support to permit him to investigate and process EEO grievances. Specifically, appellant complained he was denied adequate office space in which to maintain the confidentiality and privacy necessary to his investigations. Additionally, no support staff or other resources were provided nor was he asked to serve on committees related to his work. In contrast, Mr. Scroggins alleged his white predecessor received a higher salary and had a private office and sufficient support services to perform his job properly. Mr. Scroggins' supervisors allegedly made racial slurs, told racial jokes, and permitted an atmosphere to exist in the workplace that was degrading and insensitive to racial and minority groups.
 
 
 4
 After filing a grievance with the EEOC,[1] Mr. Scroggins was notified of his right to sue in federal court. On March 3, 1981, Mr. Scroggins filed a complaint in the United States District Court for the District of Kansas under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 1981, 1983, and 1985. Mr. Scroggins alleged the Agency and six individuals in supervisory capacities, Dr. Harvey L. Ludwick, Fred Ramirez, Richard Hernandez, Dean Engroff, Bill Medlock, and Alan Abramowitz, had discriminated and conspired to discriminate on the basis of race in the terms and conditions of his employment. Mr. Scroggins sought actual and exemplary damages and injunctive relief. Twenty-eight days later, appellant was dismissed from his job. Mr. Scroggins filed an amended complaint alleging his termination was based on nonmerit reasons in retaliation for his filing suit. The amended complaint further alleged defendants sought to discredit his job performance and damage his reputation.
 
 
 5
 According to state civil service procedure, Kan.Stat.Ann. Sec. 75-2949 (1984), appellant received notice of his dismissal and his right to appeal to the State Civil Service Board (CSB). The notice cited appellant's (1) negligence and insubordination in the performance of his duties and work assignments; (2) failure to maintain satisfactory and harmonious relationships with CETA Balance of State Staff members; and (3) direct insubordination to his supervisor, Dr. Ludwick, in failing to return certain tapes. After a hearing, the CSB found that appellant's dismissal was reasonable based on the evidence that appellant failed to complete a report in a timely manner, allegedly turning in an old report with the date changed; failed to return to his work station after being told to do so; and harassed certain female co-workers on various matters.
 
 
 6
 After the CSB denied a rehearing, Mr. Scroggins appealed the order to the District Court of Shawnee County, Kansas, which affirmed, holding the CSB's findings were supported by substantial evidence and were not fraudulent, arbitrary, or capricious. The Kansas Court of Appeals then affirmed without a written order, and the Kansas Supreme Court denied appellant's petition for review.
 
 
 7
 Having exhausted his administrative remedies, Mr. Scroggins returned to federal court where his complaint had remained active, withstanding a motion to dismiss and motion for summary judgment on the ground of failure to state a claim under Sec. 1983.[2] The remaining individual defendants then moved to dismiss, contending appellant's suit was barred by res judicata.
 
 
 8
 Citing Kremer v. Chemical Construction Corp., 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), and Migra v. Warren City School District Board of Education, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), the district court rejected appellant's argument that the state procedure was limited to a determination of whether procedural due process was afforded appellant. The district court found the alleged discriminatory acts and wrongful termination infused both the state and federal inquiries; thus, appellant was precluded by res judicata from relitigating these issues in a federal Sec. 1983 suit.
 
 
 9
 On appeal, Mr. Scroggins contends the district court erred in applying res judicata to his federal suit and in foreclosing a trial on the merits after the CSB and Kansas courts merely determined whether his dismissal was reasonable. Appellant contends the parties asserting preclusion have not proved the discrimination issues were actually litigated and necessarily decided in the state proceedings. Appellant distinguishes Kremer and Migra not only on their facts but also on the quality of the proceedings afforded the respective plaintiffs. Finally, the Kansas appellate courts, Mr. Scroggins contends, did not adjudicate whether he had been the victim of racial discrimination. He insists satisfaction of state procedures must not mandate that the civil servant waive his federal civil rights.
 
 
 10
 Appellees respond[3] the Kansas CSB not only had the authority to address the issue of racial discrimination during the hearing afforded Mr. Scroggins but did so in "excruciatingly detailed testimony." Urging the well-established precedent of applying principles of res judicata to administrative determinations, the individual appellees insist Mr. Scroggins has had his day in court.
 
 
 11
 Mindful of Migra, 456 U.S. at 75, 104 S.Ct. at 892, this circuit has not hesitated to apply 28 U.S.C. Sec. 1738 to actions arising under Title VII to give a state court judgment the same preclusive effect as the state rendering the judgment would permit. Allen v. McCurry, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); Kremer v. Chemical Construction Corp., 456 U.S. at 461, 102 S.Ct. at 1883. See also Bolling v. City & County of Denver, Colorado, 790 F.2d 67 (10th Cir.1986); Spence v. Latting, 512 F.2d 93 (10th Cir.), cert. denied, 423 U.S. 896, 96 S.Ct. 198, 46 L.Ed.2d 129 (1975). Nevertheless, absent a clear indication from the record that either the plaintiff had a full and fair opportunity to litigate his claim, Allen v. McCurry, 449 U.S. at 90, 104 S.Ct. at 411; Montana v. United States, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); Morgan v. City of Rawlins, 792 F.2d 975 (10th Cir.1986), or that the court hearing the claim had the authority to adjudicate the merits, Carpenter v. Reed ex rel. Department of Public Safety, 757 F.2d 218 (10th Cir.1985), we resist the imposition of res judicata to bar a federal plaintiff's Sec. 1983 suit.
 
 
 12
 The Kansas CSB exercises a quasi-judicial function. Thompson v. Amis, 208 Kan. 658, 493 P.2d 1259, cert. denied, 409 U.S. 847, 93 S.Ct. 53, 34 L.Ed.2d 88 (1972). Appeal of its orders are to the district court whose review is limited to determining whether (1) the tribunal acted fraudulently, arbitrarily, or capriciously; (2) the order is substantially supported by the evidence; and (3) the tribunal's action was within the scope of its authority. Robert E. Esrey and Co. v. Dibbern, 228 Kan. 784, 620 P.2d 827 (1980). Moreover, "[a]dministrative decisions of less than ideal clarity will be upheld where the path of decision is reasonably discernible." Matter of University of Kansas Faculty v. Public Employees Relations Board, 2 Kan.App.2d 416, 581 P.2d 817 (1978).
 
 
 13
 The record before us discloses no such path. While the Due Process Clause dictates "no single model of procedural fairness, let alone a particular form of procedure," Kremer v. Chemical Construction Corp., 456 U.S. at 483, 102 S.Ct. at 1898, we are concerned with both the substantive and procedural history of Mr. Scroggins' case. Appellant was caught between the Scylla of pursuing and exhausting his administrative remedies in a state procedure focusing on the reasonableness of the Agency's decision to dismiss and the Charybdis of proceeding in his previously filed federal suit in which defendants had initially moved to dismiss and answered with the defense of failure to exhaust administrative remedies.[4] Although appellant had already filed a federal suit for discrimination in employment under Title VII, the act of his dismissal catapulted his claim into the narrower administrative review. Before the state CSB, appellant contended he was dismissed for nonmerit reasons. The record does not reveal the presentation of proof contemplated, for example, by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).[5] Instead, without mention of the evidence of nonmerit issues, the CSB concluded the termination was reasonable based on appellant's failure to turn in a report in timely fashion, refusal to return to his work station when requested to do so, and "harassment" of female co-workers. Excerpts of other testimony before the CSB included in the record[6] draw these "reasons" into question. We further note the rules of evidence do not apply to proceedings before the CSB. Kan.Stat.Ann. Sec. 75-2929d(f).
 
 
 14
 In order to exhaust administrative remedies under Kansas law, appellant was required to appeal the CSB decision to the state district court, Neunzig v. Seaman Unified School District No. 345, 239 Kan. 654, 722 P.2d 569 (1986), where review is not de novo and is limited in scope. Kansas State Board of Healing Arts v. Acker, 228 Kan. 145, 612 P.2d 610 (1980). In a brief, conclusory order, the District Court of Shawnee County, Kansas, reiterated the Agency's reasons for dismissal, disregarded without addressing appellant's alleged errors, and affirmed. Indeed, we are reminded that holding that an agency decision is not arbitrary or capricious merely establishes as a matter of law that "a rational adjudicator might have resolved the discrimination issue either way." Kremer v. Chemical Construction Corp., 456 U.S. at 509, 102 S.Ct. at 1911 (Stevens, J. dissenting).
 
 
 15
 Thus, on the basis of the record before us, we are concerned that a full and fair opportunity to litigate the merits of appellant's claim for racial discrimination before a tribunal authorized to hear the claim was eluded. Unlike Kremer v. Chemical Construction Corp., 456 U.S. at 461, 102 S.Ct. at 1887, in which the plaintiff was afforded a comprehensive review and hearing before the state commission on civil rights which had conducted its own investigation, we perceive no similarly focused review here.[7] Permitting the state's summary review to receive preclusive effect in appellant's federal suit contravenes the import of Sec. 1738 which requires a federal court to give the same preclusive effect to a state court judgment a state would afford.[8]
 
 
 16
 The Kansas Supreme Court has recently stated that the propriety of applying res judicata to administrative agency decisions depends on how closely "what the agency does resembles what a trial court does." Neunzig v. Seaman Unified School District No. 345, 722 P.2d at 569. We do not believe, on the basis of the record before us, that the state would clothe this quasi-judicial proceeding with the vestments of a formal adjudication of plaintiff's claim of racial discrimination.
 
 
 17
 Because the character of judicial review was both narrow and conclusory, we are unwilling to bar appellant's federal suit under Title VII. To do so would imprint the determinations of a state's quasi-judicial civil service commission, absent any indication to the contrary,[9] with the symbols of a judicial proceeding. Moreover, the Court made clear in Kremer v. Chemical Construction Corp., 456 U.S. at 477, 102 S.Ct. at 1895, that its earlier decisions on the relationship between Sec. 1738 and Title VII "establish only that initial resort to state administrative remedies does not deprive an individual of a right to a federal trial de novo on a Title VII claim." Migra amplifies this decision by establishing that state, not federal, preclusion must then apply.
 
 
 18
 While appellant may have been afforded procedural due process within the channels prescribed by state law, that procedure is no substitute for substantive due process. Leaving open any question on the merits of appellant's claim, we reverse the order of the United States District Court for the District of Kansas and remand for a determination of whether Mr. Scroggins was fired for constitutionally impermissible reasons.
 
 
 
 [1]
 Although the Kansas Commission on Human Rights is empowered to investigate and enforce civil rights complaints, from the outset we note that plaintiff sought a federal remedy
 
 
 [2]
 The procedural history in the district court remains tenebrous. The Agency moved to dismiss claims under 42 U.S.C. Secs. 1983 and 1985 on the ground the Eleventh Amendment bars suits against the state. The district court per Judge Rogers granted the Agency's motion. After the case was transferred to Judge Saffels, the Agency moved to dismiss plaintiff's Sec. 1981 claim, contending the Eleventh Amendment barred suit against the state's agency. Upon Judge Saffels' granting that motion, the Agency moved and was granted permission to join in the individual defendants' motion for summary judgment raising the prior state proceedings as res judicata. Although the Agency has filed a brief in this appeal, appellant has not raised the issue of the state's dismissal. The record is silent on whether at some later time the Agency waived its Eleventh Amendment immunity. We are constrained to speculate on the Agency's zealous pursuit of this appeal. Instead we adhere to the record before us which indicates the Agency has been dismissed from the action and complaint, and we focus on the individual appellees' response
 
 
 [3]
 The individual appellees moved to join in the Agency's brief. We subsume the Agency's zeal to their argument
 
 
 [4]
 The Agency's enumerated defenses to plaintiff's Title VII claim are incredible and therefore exceedingly noteworthy: assumption of the risk, contributory negligence, laches, consent, statute of limitations, and "Title VII is an inappropriate legislative act."
 
 
 [5]
 We suggest this model only as an analog, not as an inflexible procedure
 
 
 [6]
 Considerable testimony indicates the Agency and individual defendants tolerated a "lot of looseness" [R. I at 144] in terms of racial epithets and jokes. One Mr. Knatt, who apparently investigated some of the complaints, concluded "systematic and institutionalized discrimination" was prevalent. [R. I at 138]
 
 
 [7]
 Kan.Stat.Ann. Sec. 75-2949e(b) requires the filing of at least two performance evaluations prior to dismissal unless the more expedited dismissal is determined to be in the good of the service. Kan.Stat.Ann. Sec. 75-2949
 
 
 [8]
 The quasi-judicial nature of the administrative proceeding and the quality of the state review distinguish this case from the recently decided University of Tennessee v. Elliott, --- U.S. ----, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986). In Elliott, the Court held federal courts must give the same preclusive effect to an agency's factfinding when a "state agency acting in a judicial capacity ... resolves issues of fact properly before it which the parties have had an adequate opportunity to litigate...." Id. at 3227 (citation omitted). Accordingly, the Court concluded 28 U.S.C. Sec. 1738 did not apply to Elliott's prior unreviewed administrative proceeding to bar his Title VII suit
 
 
 [9]
 Appellees' brief is similarly conclusory, supported by no specific testimony or evidence to offer a more complete view of the state's proceedings. Furthermore, appellees' haughty and self-righteous indignation at appellant's pursuit of his "imagined discrimination" is unprofessional, misplaced, and totally without redemption in this appeal