**Lois MORALES, Plaintiff,**

v.

**KANSAS STATE UNIVERSITY, et al., Defendants.**

No. 88–4208–R.

United States District Court, D. Kansas.

Nov. 28, 1989.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This matter is presently before the court upon plaintiff's motion to alter or amend pursuant to F.R.Civ.P. 59(e). On October 5, 1989, the court granted summary judgment to the defendants. We held that plaintiff was precluded from bringing this Title VII retaliation action based on the doctrine of collateral estoppel. The court determined that the retaliation issue had been previously decided against the plaintiff in an administrative proceeding before the Kansas Civil Service Board and in subsequent appeals to the District Court of Shawnee County, Kansas, and the Kansas Court of Appeals. Plaintiff now contends that the court erred in applying the doctrine of collateral estoppel here. Plaintiff relies upon *Parker v. Kansas Neurological Institute,* 13 Kan.App.2d 685, 778 P.2d 390 (1989) and *Scroggins v. State of Kansas,* 802 F.2d 1289 (10th Cir.1986) for support. The defendants contend that these cases are distinguishable and that plaintiff's motion should be denied.

The court shall begin with a general review of the law concerning the preclusive effect in federal court of a prior state court judgment. The court shall then focus on the *Parker* and *Scroggins* cases. We shall not reiterate the Kansas law on collateral estoppel set forth in our previous opinion because there is no dispute concerning it.

Under 28 U.S.C. § 1738, federal courts must give the same preclusive effect to state court judgments that those judgments would be given in the courts of the state from which the judgment emerged. *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980); *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982). However, even when the requirements of res judicata and collateral estoppel are met, the court must still determine whether the plaintiff had a full and fair opportunity to litigate his claims before a court with the authority to adjudicate the merits of those claims. *Allen v. McCurry,* 449 U.S. at 95, 101 S.Ct. at 415; *Montana v. United States,* 440 U.S. 147,

153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). "A State may not grant preclusive effect in its own courts to a constitutionally infirm judgment, and other state and federal courts are not required to accord full faith and credit to such a judgment." *Kremer v. Chemical Construction Corp.*, 456 U.S. at 482, 102 S.Ct. at 1898. Nevertheless, state court proceedings need only satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by federal law. *Id.* at 481, 102 S.Ct. at 1897.

In *Parker*, the plaintiff filed an appeal with the Kansas Civil Service Board following her dismissal from employment with the defendant. The Board affirmed the dismissal and denied plaintiff's request for rehearing. Plaintiff then sought judicial review of the Board's decision. In her petition for review, she asserted several errors including the allegation that she had been discharged for racial reasons. Plaintiff subsequently abandoned the racial discrimination issue before the state district court and filed a petition with the Kansas Commission on Civil Rights (KCCR). The KCCR determined that the plaintiff's complaint lacked probable cause. The state district court subsequently affirmed the Board's action. Plaintiff then filed a petition in state district court seeking compensatory and punitive damages for the alleged discriminatory discharge. The district court granted summary judgment to the defendant based on the doctrine of res judicata. The court found that the plaintiff could have and should have raised this claim in the earlier administrative proceedings and subsequent court review. On appeal, the Kansas Court of Appeals reversed. The Court of Appeals determined that neither a negative finding by the Kansas Civil Service Board nor a finding of no probable cause by the KCCR precluded a subsequent action in district court for discriminatory discharge. 778 P.2d at 394. The Court relied upon *Scroggins* for support. *Id.* at 393–94.

In *Scroggins*, the plaintiff, a state employee, filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging racial discrimination in the terms and conditions of his employment. After receiving his right to sue letter, he filed a federal lawsuit and made the same allegations. Thereafter, he was terminated from his employment. Plaintiff then amended his federal complaint to include allegations of retaliation. Plaintiff also sought review of his dismissal by the Kansas Civil Service Board. The Board found that plaintiff's dismissal was reasonable. This decision was affirmed by a state district court and the Kansas Court of Appeals. The Kansas Supreme Court denied plaintiff's petition for review. Plaintiff then returned to federal court where his complaint was dismissed based on res judicata. The trial court found that res judicata precluded plaintiff from litigating his racial discrimination and retaliation claims because the alleged discriminatory acts and wrongful termination infused both the state and federal inquiries. On appeal, the Tenth Circuit reversed. The Court of Appeals held, based on the record before it, that plaintiff had not had a full and fair opportunity to litigate his claim of racial discrimination before the Kansas Civil Service Board. 802 F.2d at 1293. The Court determined that plaintiff's racial discrimination claims had not received the type of "focused review" necessary to impose the doctrine of res judicata. *Id.* at 1292. Given the lack of testimony or evidence on the Board's hearing concerning the plaintiff and the quasi-judicial nature of the Board's proceedings along with the limited quality of judicial review, the Tenth Circuit was unwilling to bar plaintiff's federal case. *Id.* at 1293.

The court finds a number of distinguishing features between this case and *Parker* and *Scroggins*. Prior to addressing those differences, however, we want to set forth the procedures available in an appeal to the Kansas Civil Service Board. We then want to consider again the specific facts of plaintiff's hearing before the Board and her subsequent judicial appeals.

The Kansas Civil Service Act, K.S.A. 75–2925 *et seq.*, provides a complete procedure for administrative review in cases where an

employee in the classified service of the State complains of a dismissal. The employee is entitled to a hearing before the Kansas Civil Service Board. K.S.A. 75–2929d(b). The Board is a bi-partisan group of five members appointed by the governor. K.S.A. 75–2929a(a), (b). A Board hearing investigates the reasonableness of the employee's dismissal. K.S.A. 75–2949(f). At the hearing before the Board, the employee and the employer may be represented by counsel, may cross-examine each other, may present witnesses, and may testify on their own behalf. K.S.A. 75–2929d(b). The Board is empowered to administer oaths; issue subpoenas; authorize the taking of depositions; receive evidence; call and examine witnesses; introduce documentary and other evidence into the record; compel the production of books and papers; and examine any relevant public records. K.S.A. 75–2929d(c). The hearing, however, is not controlled by the rules of evidence. K.S.A. 75–2929d(f). The burden of proof rests with the employee to establish that his employer did not act reasonably in taking the challenged action. K.S.A. 75–2949(f). After the hearing, the Board has the responsibility of issuing a final order. K.S.A. 75–2929e(a). The final order must contain the findings of the Board and the reason for the order. K.S.A. 75–2929e(b). The employee, if unsuccessful, may then file a motion for rehearing. K.S.A. 75–2929e(c). Following a decision on the motion for rehearing, the employee may appeal to the district court. K.S.A. 75–2929h; K.S.A. 77–607. The state district court's review is not de novo and is limited in scope. K.S.A. 77–621. The district court is limited on appeal to determining whether (1) the agency action, or the statute or rule and regulation on which the agency action is based, is unconstitutional on its face or as applied; (2) the agency has acted beyond the jurisdiction conferred by any provision of law; (3) the agency has not decided an issue requiring resolution; (4) the agency has erroneously interpreted or applied the law; (5) the agency has engaged in an unlawful procedure or has failed to follow prescribed procedure; (6) the persons taking the agency action were improperly constituted as a decisionmaking body or subject to disqualification; (7) the agency action is based on a determination of fact, made or implied by the agency, that is not supported by evidence that is substantial when viewed in light of the record as a whole, which includes the agency record for judicial review, supplemented by any additional evidence received by the court under this act; or (8) the agency action is otherwise unreasonable, arbitrary or capricious. *Id.*

Here, the issue of retaliation was fully litigated before the Kansas Civil Service Board. The hearing before the Board lasted two days. Plaintiff was represented by counsel throughout the proceedings. Seventeen witnesses testified and sixty exhibits were entered into evidence. The hearing transcript consists of 533 pages. Counsel for plaintiff made it quite clear that plaintiff contended that she had been dismissed from her position in retaliation for filing a previous civil rights complaint. Following the hearing, the Board found that plaintiff had been dismissed because she had received two consecutive unsatisfactory performance evaluations. The Board concluded that plaintiff received these unsatisfactory evaluations because of her "inefficient" performance of her duties. The Board further specifically found that plaintiff's "unsatisfactory evaluations were [not] the result of retaliation for filing sexual harassment complaints or complaints regarding her job description." Plaintiff filed a petition for rehearing and argued, *inter alia*, that the evidence at the hearing "clearly showed that the cause for unsatisfactory evaluations was retaliation for filing civil rights complaints" against the University. This petition was denied. Plaintiff then filed a petition for review in the District Court of Shawnee County pursuant to K.S.A. 77–607. In this petition, plaintiff requested the court to make a finding that she received the unsatisfactory evaluations in retaliation for filing a civil rights complaint. The state district court affirmed the findings of the Board, determining that the Board "acted properly within its authority and jurisdiction." Plaintiff appealed this order to the Kansas Court of Appeals. The Court of Appeals affirmed the district court's decision.

In *Parker*, the plaintiff did not allow the district court to consider her claim of racial discrimination. This claim was withdrawn from consideration by plaintiff and she elected to proceed before the KCCR. Here, plaintiff raised her retaliation claim before the Board, and the claim was decided against her after a comprehensive hearing. Plaintiff then specifically raised the claim in her appeal to the district court and, again, the claim met the same fate. Thus, differing from *Parker*, plaintiff raised the claim before the district court and it was rejected.

In *Scroggins*, the Tenth Circuit focused on the specific circumstances of the proceedings before the Kansas Civil Service Board and the subsequent appeal of the Board's decision. The Court did not rule as a matter of law that the doctrine of collateral estoppel could never be applied to the decisions of the Kansas district courts on appeals from orders of the Kansas Civil Service Board. Rather, the Circuit Court determined that Scroggins had not received the type of focused review necessary for the application of res judicata principles. Here, plaintiff specifically raised the issue of retaliation at both her hearing before the Board and on appeal. Both the Board and the state district court had a thorough look at plaintiff's claim of retaliation. Under these circumstances, we believe that the application of collateral estoppel is required by Kansas law as set forth in our previous order and authorized under the Fourteenth Amendment Due Process Clause.

In sum, we find that the plaintiff's motion to alter or amend must be denied. The application of the doctrine of collateral estoppel precludes the plaintiff from pursuing her Title VII claim of retaliation in this case.

IT IS THEREFORE ORDERED that plaintiff's motion to alter or amend be hereby denied.

IT IS SO ORDERED.