No. 48,625

GWYNNE VAN SCOYK and KAY WILEY, *Appellants,* v. ST. MARY'S ASSUMPTION PAROCHIAL SCHOOL AND KANSAS COMMISSION ON CIVIL RIGHTS, *Appellees.*

(580 P.2d 1315)

Opinion filed July 15, 1978.

*Richard D. Cordry,* of Michaud and Cranmer, Chartered, of Wichita, argued the cause, and *Russell Cranmer,* of the same firm, was with him on the brief for the appellants.

*Roger W. Lovett,* of Topeka, argued the cause and was on the brief for appellee, Kansas Commission on Civil Rights, and *Alan D. Herman,* of Jochems, Sargent & Blaes, of Wichita, argued the cause, and *Lawrence McDonough,* of the same firm, was on the brief for the appellee, St. Mary's Assumption Parochial School.

The opinion of the court was delivered by

MILLER, J.: This is a civil rights action involving alleged religious discrimination. The trial court sustained motions to dismiss, filed by the defendants, St. Mary's Assumption Parochial School and the Kansas Commission on Civil Rights. Plaintiffs appeal.

Plaintiffs, Gwynne Van Scoyk and Kay Wiley, were elementary school teachers for two years at St. Mary's Assumption Parochial School in Derby, Kansas. Before the fifteenth day of March of their second year, Father Watson, the administrative head of the school, informed the plaintiffs that neither of their contracts would be renewed. No reason was given for this decision. Both plaintiffs were terminated at the end of the school year, in May, 1975.

Neither plaintiff is a Roman Catholic; both are Protestants.

They contend that they were each terminated because of religion. Each filed a complaint with the Kansas Commission on Civil Rights in November, 1975. About a month later the Commission notified each plaintiff that the evidence was not sufficient to support a charge of discrimination; that a No Probable Cause determination was being made; and that the Commission was closing its file. About two months later, each plaintiff filed a notice of appeal with the Commission.

This action was commenced in the district court on May 28, 1976. The initial pleading, entitled "Petition and Appeal," states two claims for relief. The first is a claim against St. Mary's for reinstatement, or in the alternative for damages, for wrongful discharge based on a claim of religious discrimination. The second claim, in the nature of an appeal, is against the Commission. Plaintiffs claim that the Commission's action was arbitrary, capricious and unreasonable, and they seek to have the matter remanded to the Commission with directions to hold a trial on plaintiffs' claims of discrimination. Following service of summons, both defendants filed motions to dismiss. The trial court sustained both motions and dismissed the action with prejudice.

The first issue is whether plaintiffs could appeal to the district court from the No Probable Cause finding. We recently determined this adversely to plaintiffs' present contentions in *Bush v. City of Wichita*, 223 Kan. 651, 576 P.2d 1071 (1978), where we held that no appeal lies from a No Probable Cause determination by the investigating commissioner. The trial court was therefore correct in sustaining the motion of the Commission to dismiss.

The next issue before us is whether an independent action, such as that here asserted against St. Mary's, may be brought directly in the district court, or whether the enforcement procedure within the civil rights act is exclusive.

K.S.A. 44-1001, *et seq.,* declares it to be the public policy of the state of Kansas to assure equal opportunities to every citizen in securing and holding employment, without discrimination because of race, religion, color, sex, physical handicap, national origin, or ancestry. K.S.A. 1977 Supp. 44-1009 makes it an unlawful employment practice for an employer, because of the religion of any person, to refuse to hire or employ, or to bar or to discharge from employment, such person. Any person who claims to be aggrieved by an alleged unlawful employment prac-

tice may file a complaint with the Commission. But may such a charge be the basis for a direct civil action in the courts, following the exhaustion of the administrative procedure before the Commission? We hold that it may. We find no language in the act evidencing a legislative intent to make the procedure before the Commission the exclusive means by which rights granted by the act may be enforced.

The Workmen's Compensation Act states in its first section, K.S.A. 1977 Supp. 44-501, that "Except as provided in the workmen's compensation act, no . . . employer . . . shall be liable for any injury for which compensation is recoverable thereunder . . ." We have long held that the Workmen's Compensation Act provides the exclusive remedy, where the parties are under the act and the injuries within its purview. *Stonecipher v. Winn-Rau Corporation,* 218 Kan. 617, 545 P.2d 317 (1976); *Fritzson v. City of Manhattan,* 215 Kan. 810, 528 P.2d 1193 (1974); *Shade v. Cement Co.,* 92 Kan. 146, 139 Pac. 1193, reh. 93 Kan. 257, 144 Pac. 249 (1914). But we find no comparable language in the Kansas act against discrimination.

The civil rights delineated by the act are rights in which both the public and the individual have an interest. The Commission may, pursuant to K.S.A. 1977 Supp. 44-1005, initiate a complaint and undertake investigation on its own; or the individual who claims to be aggrieved may initiate the proceedings by filing a verified complaint. The procedure is set forth in that section.

We think it clear that recourse must first be made to the Commission by an aggrieved individual, and the administrative remedies must be exhausted before recourse to the courts. Where the administrative procedure proves efficacious, court action will in most instances be unnecessary. Where a hearing is held, after an order of the Commission is entered and after the rehearing procedure is exhausted, anyone still aggrieved may appeal to the district court. K.S.A. 44-1011. And see *Stephens v. Unified School District,* 218 Kan. 220, 546 P.2d 197 (1975).

Cases will arise, however, in which the administrative procedure is terminated prior to any adjudication by the Commission as in the case at hand, where upon the entry of a No Probable Cause finding, the doors of the agency were closed. Petitioners exhausted their administrative remedies.

The purposes and requirements of the doctrine of exhaustion of

administrative remedies (see *Stephens v. Unified School District,* supra, at p. 226; and *Jarvis v. Kansas Commission on Civil Rights,* 215 Kan. 902, 904, 528 P.2d 1232 [1974]) were satisfied upon the making of the No Probable Cause finding, and the closing of the Commission's file. We hold that thereafter, plaintiffs were free to pursue the matter further by bringing an independent tort action in the district court; and that such an action, after exhaustion of the available administrative remedies, is not precluded by the act.

This brings us to the final issue: Does the act apply to sectarian employers such as St. Mary's School? We hold that it does not. K.S.A. 1977 Supp. 44-1002(b) defines "employer" as follows:

"The term 'employer' includes any person in this state employing four (4) or more persons, and any person acting directly or indirectly for an employer as herein defined, and labor organizations, *nonsectarian* corporations, and organizations engaged in social service work, and the state of Kansas and all political and municipal subdivisions thereof, but shall not include a non-profit fraternal or social association or corporation." (Emphasis supplied.)

By specifying and including nonsectarian corporations under the act, the legislature obviously intended to exclude *sectarian* employers. This is in conformity with the federal equal employment opportunities act, 42 U.S.C.A. § 2000e-1, which provides in part that "This subchapter shall not apply . . . to a religious corporation, association, educational institution, or society with respect to the employment of individuals of a particular religion to perform work connected with the carrying on by such . . . educational institution . . . of its activities."

Under the undisputed facts before us, we hold that St. Mary's Assumption Parochial School is not an "employer" under the definition of "employer" included in the Kansas act against discrimination. Accordingly, the trial court was correct in dismissing the action against the school.

The judgment is affirmed.