**Linda D. DUNN, Plaintiff,**

v.

**AMERICAN EXPRESS COMPANY, and its agent, American Express International Banking Corporation, Defendants.**

**Civ. A. No. 81–K–192.**

United States District Court, D. Colorado.

Jan. 18, 1982.

Larry J. Rodriguez, Colorado Springs, Colo., for plaintiff.

James A. Lowe, Sobol & Sobol, Denver, Colo., for defendants.

MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Plaintiff filed this action under the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691–1691f. She alleges that defendant American Express International Banking Corporation denied her credit in violation of the Act. She further alleges that defendant American Express Company is also liable for the acts of American Express International because the latter is an agent of the former. This court has subject-matter jurisdiction to hear this claim under 15 U.S.C. § 1691e(f).

Defendants moved to dismiss, arguing that the complaint failed to state a claim for which relief could be granted and that the court lacked personal jurisdiction over American Express International. Because the motion relied on matters outside of the complaint, I ordered that it be converted into a motion for summary judgment. Briefs, affidavits and other materials have now been submitted by both parties and the motion is now ripe for determination.

Defendants first argue that this court lacks personal jurisdiction over defendant

American Express International because it is a Connecticut corporation that only does business there and in New York. Defendants also argue that this case should be dismissed against defendant American Express because it was not connected in any way with the actions alleged in the complaint. Plaintiff responds that she did not know the difference between the two companies, that they appeared interrelated to her, and that she relied upon the representations of defendant American Express, which clearly does business in Colorado, that it could aid her with her banking needs at many locations in the world.

I conclude that there are triable issues of fact on the connections between the two defendants. It is possible that the extensive advertising and representations of American Express make it reasonable to hold it accountable for the actions of American Express International, and that it is reasonable to subject American Express International to the jurisdiction of this court. On a summary judgment motion, no margin exists for the disposition of factual issues, nor does such a motion serve as a substitute for trial when there are disputed facts. *Commercial Iron & Metal Co. v. Bache & Co.*, 478 F.2d 39, 41 (10th Cir. 1973). I therefore deny defendants' summary judgment motion on the grounds of lack of agency and lack of personal jurisdiction.

Defendants also argue that this case should be dismissed because it does not involve a credit transaction. 15 U.S.C. § 1691(a)(1) provides, in relevant part:

It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction—

(1) on the basis of . . . sex . . .

*Id.* § 1691a(d) defines "credit" as

the right granted by a creditor to a debtor to defer payment of debt or to incur debts and defer its (sic) payment or to purchase property or services and defer payment therefor.

1. Because of my disposition of the motion, I do not reach defendants' alternate contentions on

Plaintiff alleges that she had a savings account with American Express International in Germany. She concedes that it did not have any overdraft privileges. She also alleges that she applied for an express-teller card so that she could use American Express International's automated teller machine. Her complaint alleges that the defendants denied her application for this card because of her sex, in particular that they told her that she would have to file jointly with her husband for the card.

I conclude that plaintiff's complaint does not involve a credit transaction and therefore fails to state a claim for relief under the Equal Credit Opportunity Act. Although plaintiff's affidavit states that she

considered the issuance of said express Teller Card as an expansion of her ability to make more credit transactions with her savings account,

there is simply no evidence that anything that she applied for would have given her the right to defer the payment of any debt. The transaction therefore fails to meet the definition of "credit" in 15 U.S.C. § 1691a(d).[1] It is

ORDERED that defendants' motion for summary judgment is granted. This complaint and civil action are hereby dismissed. Each party to bear her or its own costs.

the scope of the Equal Credit Opportunity Act and the choice of the applicable law.