No. 53,931

Frank Pecenka and Newton T. Stewart, *Appellants,* v. John W. Alquest, Norman Hanson, W. Van Alexander and Robert C. Harder, in their individual capacities as employees of the State of Kansas, The State of Kansas, and The Kansas State Department of Social and Rehabilitation Services, *Appellees.*

(652 P.2d 679)

Opinion filed October 22, 1982.

*Jim Lawing,* of Wichita, argued the cause and was on the brief for the appellants.

*Robert R. Hiller, Jr.,* of Wichita, argued the cause and was on the brief for John W. Alquest, W. Van Alexander, Robert C. Harder, and the Kansas State Department of Social and Rehabilitation Services, appellees.

*Reid Stacey,* assistant attorney general, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for Norman Hanson and the State of Kansas, appellees.

The opinion of the court was delivered by

Harry G. Miller, District Judge Retired: The plaintiffs have appealed from an order of the district court dismissing plaintiffs' amended petition for failure to state a cause of action.

The controversy here is a sequel to the decision of the Court of Appeals in *Pecenka v. Alquest,* 6 Kan. App. 2d 26, 626 P.2d 802, *rev. denied* 229 Kan. 670 (1981), where a more complete statement of the facts involved is to be found.

In remanding the case, the Court of Appeals held that K.S.A.

73-203, under which plaintiffs claim relief, conferred upon military veterans who had been wrongfully discharged a cause of action for damages and other appropriate relief and that the three-year statute of limitations applied.

Upon return of the case to the district court, plaintiffs filed an amended petition in which they allege that they are honorably discharged veterans of World War II and that they had been wrongfully discharged from employment with the Department of Social and Rehabilitation Services without consideration of the veterans' preference afforded to them by K.S.A. 73-203. They asked for declaratory relief to determine their right to retain employment as military veterans, reinstatement of employment and back pay.

In due course, the defendants filed a motion to dismiss the amended petition on various grounds. The trial court sustained the motion on the ground that K.S.A. 73-203, the retention of employment statute, did not apply to veterans of World War II.

The trial court ruled that the statute, K.S.A. 73-203, which in part reads:

"In making any reduction of force in any of the departments, . . . the officers of such department, . . . shall retain those persons who may be equally qualified who have been honorably discharged from the military or naval service of the United States, and the widows and orphans of deceased soldiers and sailors."

applies only in the past tense, and that by virtue of K.S.A. 73-205, it is limited in its application to those veterans *who had been* discharged prior to 1923.

The court reasoned that K.S.A. 73-205, which extended the benefits of K.S.A. 73-203 to veterans of World War I, has never been amended since 1923, and that this evidences a legislative intent not to extend the benefits of the retention statute to veterans of subsequent wars.

It is the contention of the plaintiffs that the statute is prospective in nature and applies to honorably discharged veterans of all wars in which the United States has been involved and that it needs no further legislative action.

Before addressing this issue, however, it is essential to determine whether this court has jurisdiction to hear the appeal. If the district court had no jurisdiction of the subject matter of the appeal, then this court does not acquire such jurisdiction by an

appeal from a ruling of the district court. *Kowing v. Douglas County Kaw Drainage Dist.,* 167 Kan. 387, 207 P.2d 457 (1949). Further, this court will raise the jurisdictional question on its own motion. *Thompson v. Amis,* 208 Kan. 658, 493 P.2d 1259, *cert. denied* 409 U.S. 847 (1972).

This precise issue was not presented to the Court of Appeals in *Pecenka v. Alquest,* 6 Kan. App. 2d 26, and played no part in its consideration of the issues presented.

Plaintiffs, in their amended petition, state that they were both employed at the Wichita District Office of the Kansas State Department of Social and Rehabilitation Services "subject to the provisions of the Kansas Civil Service Act, K.S.A. 75-2925, *et seq.*" and that both plaintiffs were "permanent employees" in the classified service of the State of Kansas.

The Kansas Civil Service Act provides a complete procedure for administrative review in cases where an employee in the classified service of the State complains of a wrongful dismissal.

The review procedure in effect at the time this cause of action arose provided that the Civil Service Commission is empowered to hear appeals of dismissed employees and determine the reasonableness of the dismissal. K.S.A. 75-2929 (Weeks); 75-2949(2) (Weeks). Any employee finally dismissed may request a hearing within thirty days from the effective date of his dismissal. After hearing and consideration of the evidence, the Commission may order reinstatement of the employee and payment of loss of salary. K.S.A. 75-2949(4) (Weeks). The Commission is given authority to establish rules (K.S.A. 75-2949[6] [Weeks]), and to conduct hearings and issue subpoenas to compel attendance of witnesses, take depositions and require the production of pertinent books and papers. K.S.A. 75-2932(1) (Weeks).

An examination of the record in this case discloses that plaintiffs have wholly failed to avail themselves of the administrative remedy open to them by requesting a hearing before the Civil Service Commission. In *State ex rel. O'Sullivan v. Heart Ministries, Inc.,* 227 Kan. 244, 258, 607 P.2d 1102 (1980), this court said:

"It is a familiar doctrine that administrative remedies should be exhausted before resort is made to the courts. See *State, ex. rel., v. Unified School District,* 218 Kan. 47, 542 P.2d 644 (1975); *Jarvis v. Kansas Commission on Civil Rights,* 215 Kan. 902, 528 P.2d 1232 (1974); *Jenkins v. Newman Memorial County Hospital,* 212 Kan. 92, 510 P.2d 132 (1973); *Holmstrom v. Sullivan,* 192 Kan. 746, 391 P.2d 100

(1964). The rule, followed in the great majority of American courts, is stated in 73 C.J.S., Public Administrative Bodies and Procedure § 41:

" 'Where an administrative remedy is provided by statute, such remedy ordinarily must be exhausted before a litigant may resort to the courts.' "

Both plaintiffs were terminated by written notice. Neither one requested a hearing of any sort before any employee or officer of the State Department of Social and Rehabilitation Services or the Civil Service Commission. Instead, they filed an action directly in the district court to test the propriety of their discharge.

It was held in *City of Kansas City v. Jones & Laughlin Steel Corp.*, 187 Kan. 701, 360 P.2d 29 (1961), that district courts were without authority to entertain appeals from nonjudicial acts of administrative officials or boards in the absence of statutory authority therefor. K.S.A. 1981 Supp. 60-2101(*d*) provides district court jurisdiction to review a "final order made by an administrative board or officer exercising judicial or quasi-judicial functions." In *Thompson v. Amis*, 208 Kan. 658, it was held that in conducting such a review the Civil Service Board exercised quasi-judicial functions, and if a party is aggrieved by its order, the exclusive remedy is by appeal pursuant to K.S.A. 60-2101(*a*) (Corrick) (now K.S.A. 1981 Supp. 60-2101[*d*]).

The provisions of this statute did not expand the authority of the district court to consider an appeal from an administrative agency or officer in a matter of this kind in a trial de novo. *Neeley v. Board of Trustees, Policemen's & Firemen's Retirement System*, 205 Kan. 780, 473 P.2d 72 (1970); *Lauber v. Firemen's Relief Association*, 202 Kan. 564, 451 P.2d 488 (1969).

Clearly the notice of dismissal given to the plaintiffs in the present case did not constitute final agency action. It was an order of an executive officer of the agency which employed the plaintiffs. Plaintiffs had an administrative remedy available which they did not utilize.

In *Jarvis v. Kansas Commission on Civil Rights*, 215 Kan. 902, 528 P.2d 1232 (1974), the petitioner filed an action in the district court for declaratory judgment under K.S.A. 60-1701 and the court granted a declaratory judgment and an order enjoining the Commission from proceeding. In reversing the district court, the court stated:

"The exhaustion doctrine dictates that an administrative remedy be sought and completed before the courts will act. Since respondent had not exhausted his

administrative remedies and no hearing had been held or final order rendered, the district court acted prematurely in issuing its order." 215 Kan. at 906.

The judgment of the trial court, if correct, is to be upheld, even though the court may have relied upon a wrong ground or assigned an erroneous reason for its decision. *Farmers State Bank v. Cooper,* 227 Kan. 547, 608 P.2d 929 (1980).

Since the trial court had no jurisdiction to determine the propriety of the plaintiffs' dismissal in an original action, it follows that its order dismissing the plaintiffs' amended petition should be affirmed.

FROMME, J., not participating.

APPROVED BY THE COURT.