**Peggy DITCH, Plaintiff,**

v.

**BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF SHAWNEE, KANSAS, et al., Defendants.**

**Civ. A. No. 86–4212–S.**

United States District Court,
D. Kansas.

Sept. 16, 1987.

**1554**

Cathleen M. Reeder, Bryan, Lykins, Hejtmanek, Hulsey & Wulz, P.A., Topeka, Kan., for plaintiff.

Douglas F. Martin, Shawnee County Counselor, Topeka, Kan., for defendants.

## ORDER NUNC PRO TUNC

SAFFELS, District Judge.

In *Ditch v. Board of County Comm'rs*, 650 F.Supp. 1245 (D.Kan.1986), this court granted summary judgment on the plaintiff's claim under the Kansas Age Discrimination in Employment Act based on a failure to exhaust administrative remedies. Specifically, the court found that plaintiff failed to file a motion for rehearing with the Kansas Commission on Civil Rights (KCCR) within ten days of the issuance of a finding of no probable cause. This was based on the following provision from K.S.A. 44–1010:

> No cause of action arising out of any order or decision of the commission shall accrue in any court to any party unless such party shall make application for a rehearing as herein provided.

The court now recognizes that this reading of the statute was erroneous. As the Kan-

sas Supreme Court held in *Van Scoyk v. St. Mary's Assumption Parochial School*, 224 Kan. 304, 306, 580 P.2d 1315 (1978), the distinction between a "No Probable Cause" finding by the KCCR and an actual adjudication on the merits leads to different exhaustion requirements:

> Cases will arise ... in which the administrative procedure is terminated prior to any adjudication by the Commission as in the case at hand, where upon the entry of a No Probable Cause finding, the doors of the agency were closed. Petitioners exhausted their administrative remedies.

Therefore, the court erroneously granted summary judgment based on plaintiff's failure to exhaust administrative remedies, although this line of authority was not brought to the attention of the court at the time of the prior Memorandum and Order. The court also recognizes Judge Rogers' opinion in *Manning v. Blue Cross and Blue Shield of Kansas, Inc.*, No. 86–4144, slip op. (D.Kan., *unpublished*, Aug. 18, 1987) [Available on WESTLAW, DCT database], in which he disagreed with the finding of this court concerning the avenue that a plaintiff must employ in proceeding under the Kansas Age Discrimination in Employment Act. In the *Ditch* opinion, this court erroneously limited plaintiff's claims to adjudication in the Kansas district courts. This court maintains pendent jurisdiction over claims under the Kansas Acts Against Discrimination. *See Wynn v. Boeing Military Airplane Co.*, 595 F.Supp. 727, 730 (D.Kan.1984); *see generally Knighton v. Johnston County*, 330 F.Supp. 652 (E.D.N.Car.1971). As the parties have settled all remaining claims in this suit, and plaintiff dismissed her suit with prejudice in June, 1987, this order will not require further action.

IT IS BY THE COURT THEREFORE ORDERED that *Ditch v. Board of County Comm'rs*, 650 F.Supp. 1245 (D.Kan.1986) be amended to conform with the legal principles outlined in this Order.