(747 P.2d 174)

No. 60,017

FRED L. MATTOX, *Appellant*, v. DEPARTMENT OF TRANSPORTATION, STATE OF KANSAS, *Appellee*.

Petition for review denied January 28, 1988.

Opinion filed December 10, 1987.

*G. H. Griffeth* and *Thomas Odell Rost*, of Rost, Rost & Griffeth, of Topeka, for the appellant.

*Lisa E. Schwinn*, staff attorney, of Kansas Department of Transportation, of Topeka, for the appellee.

*Brandon L. Myers*, senior legal counsel, and *Arthur W. Solis*, staff attorney, of Kansas Commission on Civil Rights, *amicus curiae*.

Before DAVIS, P.J., BRISCOE and SIX, JJ.

BRISCOE, J.: Plaintiff, Fred L. Mattox, brought an action against his former employer, the Kansas Department of Transportation (KDOT), alleging that his termination violated the Kansas Act Against Discrimination, K.S.A. 44-1001 *et seq.* Plaintiff appeals from the district court's dismissal of his action for lack of jurisdiction.

Plaintiff was employed by KDOT as a civil engineer until January 21, 1983, when his employment was terminated. On February 18, 1983, plaintiff requested a hearing before the Civil Service Board (Board) to determine the reasonableness of his

termination, pursuant to K.S.A. 75-2949(f). By separate letter to the Board, plaintiff specifically asked the Board to consider his EEO complaint form wherein he asserted his termination was an act of discrimination based on his physical handicap. On April 21, 1983, plaintiff initiated a second administrative remedy by filing a complaint with the Civil Rights Commission (Commission), which alleged discrimination on the basis of physical handicap.

On June 15, 1983, the Board conducted a hearing to determine the reasonableness of plaintiff's termination. The Board issued an order on June 27, 1983, in which it determined that plaintiff's dismissal was reasonable. Plaintiff neither requested a rehearing of the Board's order nor did he appeal the Board's order to the district court as provided in K.S.A. 75-2929e(c). On March 8, 1984, the Commission issued a finding of "No Probable Cause" on plaintiff's complaint. On January 7, 1985, plaintiff filed an independent civil action for damages alleging violation of the Kansas Act Against Discrimination. Following a motion for summary judgment filed by KDOT, the trial court dismissed the action for lack of jurisdiction because plaintiff failed to exhaust his administrative remedies when he did not appeal the decision of the Board.

The issue presented in this case is whether an employee who appeals his termination to the Board must exhaust his administrative remedies by applying for a rehearing and appealing to the district court before bringing an independent civil action for damages alleging violation of the Kansas Act Against Discrimination. Although both plaintiff and KDOT argue on appeal that the trial court ruled the Board's unappealed decision was given res judicata effect, which barred the civil action for damages, a careful reading of the memorandum decision and order indicates the trial court based its decision on plaintiff's failure to exhaust administrative remedies.

According to the exhaustion doctrine, no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. *Jarvis v. Kansas Commission on Civil Rights*, 215 Kan. 902, 905, 528 P.2d 1232 (1974), quoting *Myers v. Bethlehem Corp.*, 303 U.S. 41, 50-51, 82 L. Ed. 638, 58 S. Ct. 459 (1938). Several basic reasons

for requiring the exhaustion of administrative remedies are comity, convenience, administrative efficiency, and the recognition of the separation of powers. *Jarvis*, 215 Kan. at 904-05.

*Amicus* cites *Van Scoyk v. St. Mary's Assumption Parochial School*, 224 Kan. 304, 580 P.2d 1315 (1978), for the proposition that, once plaintiff had exhausted his remedies before the Commission, he should be able to file this present action pursuant to K.S.A. 44-1009. In *Van Scoyk*, the court held that, following a "No Probable Cause" determination by the Commission, an aggrieved party may bring an independent civil action in the district court based on an alleged violation of 44-1009. The court noted that, once a "No Probable Cause" determination is made, the purposes and requirements of the exhaustion doctrine are satisfied. Once the Commission issues a "No Probable Cause" determination, the statutory procedure is at an end since the aggrieved party may not appeal the determination.

Although the plaintiff here also received a "No Probable Cause" determination from the Commission, the present case differs from *Van Scoyk* in that, before filing a complaint with the Commission, plaintiff first appealed his termination to the Board. After he initiated his request for relief from the Board, he did not take it to its conclusion. After the Board reached its decision, plaintiff did not apply for rehearing or appeal to the district court. K.S.A. 75-2929e(c) states:

"Within ten (10) days after the date of the board's final order, any party aggrieved by the final order of the board may apply for a rehearing in respect to any matter determined therein. . . . *No appeal shall be taken from any final decision of the board by any party unless such party has made application for a rehearing as provided by this section.*" Emphasis added.

Instead of exhausting his remedies before the Board, when plaintiff received the "No Probable Cause" finding from the Commission, he brought the present action for damages under the Kansas Act Against Discrimination.

In *Pecenka v. Alquest*, 232 Kan. 97, 652 P.2d 679 (1982), the plaintiffs filed an action for damages and other appropriate relief, alleging the elimination of their positions violated the statutory preference for veterans. Prior to filing the action, the plaintiffs had not appealed their dismissals to the Board. The court held the district court was without jurisdiction because plaintiffs

failed to exhaust their administrative remedies by not appealing first to the Board. Although the present case differs factually from *Pecenka* in that here plaintiff filed a complaint with the Commission and has exhausted his administrative remedies under the Kansas Act Against Discrimination, both Pecenka and plaintiff failed to exhaust their administrative remedies before the Board.

This case is factually unique in that plaintiff initiated two independent administrative proceedings. Although he has exhausted his remedies under the Kansas Act Against Discrimination, he did not exhaust his remedies under the Civil Service Act. The exhaustion doctrine requires plaintiff first to seek a rehearing and then appeal the Board's decision before he may bring an independent civil action for damages alleging violation of K.S.A. 44-1009. Although factually distinguishable from the present case, both *Pecenka* and *Van Scoyk* support the general principle that administrative remedies must be exhausted before initiating a civil action for damages.

Affirmed.