(778 P.2d 390)

No. 62,974

CYNTHIA PARKER, *Appellant,* v. KANSAS NEUROLOGICAL INSTITUTE, *Appellee.*

Petition for review denied November 7, 1989.

Opinion filed August 25, 1989.

*Alan V. Johnson,* of Sloan, Listrom, Eisenbarth, Sloan & Glassman, of Topeka, for the appellant.

*Matthew W. Boddington* and *Pamela J. Cater,* of Topeka, for the appellee.

Before DAVIS, P.J., LARSON, J., and RON ROGG, District Judge, assigned.

LARSON, J.: Cynthia Parker appeals from the entry of summary judgment dismissing her claim for discriminatory discharge pursuant to K.S.A. 44-1009(1).

Parker, an employee of Kansas Neurological Institute (KNI), reportedly struck KNI residents on two separate occasions.

After she was dismissed by KNI, Parker filed an appeal with the Civil Service Board (Board), which affirmed the dismissal, finding it reasonable. Parker's application for rehearing was

denied. She filed a timely petition for judicial review, alleging (1) KNI failed to follow its own procedures and did not afford her due process of law, (2) she had been unlawfully discharged for racial reasons, and (3) the decision of the Board was not supported by the evidence.

Parker subsequently abandoned the racial discrimination issue before the district court, electing to file a petition with the Kansas Commission on Civil Rights (KCCR) as to that issue. The district court affirmed the Board's ruling which was affirmed by our court in unpublished opinion No. 59,587, filed January 22, 1987.

While Parker's civil service action was pending, her complaint before the KCCR alleging unlawful discharge because of race was determined to be without probable cause. No further action was taken on that complaint.

Parker then filed a petition in district court seeking actual and punitive damages for the alleged discriminatory discharge. KNI's motion for summary judgment was granted, from which Parker now appeals. We reverse.

*Does the Kansas Civil Service Board ruling have res judicata effect on tort actions brought under the Kansas Act Against Discrimination, K.S.A. 44-1001 et seq?*

The trial court applied the doctrine of res judicata, or claim preclusion. Res judicata forecloses the litigation of matters that could or should have been advanced in an earlier action. *In re Estate of Reed*, 236 Kan. 514, 516, 693 P.2d 1156 (1985).

Res judicata precludes a second administrative proceeding when the first administrative proceeding provides the procedural protections similar to court proceedings when an agency is acting in a judicial capacity. *Neunzig v. Seaman U.S.D. No. 345*, 239 Kan. 654, 660, 722 P.2d 569 (1986). Our Kansas Supreme Court in *Neunzig* specifically distinguished cases involving a "lateral" move from one administrative body to another from cases involving a "vertical" move from a state administrative agency to the courts, as is the case herein. 239 Kan. at 658-59. The right to litigate a claimed discriminatory discharge once administrative remedies are exhausted is allowed in Kansas.

The Restatement (Second) of Judgments § 83 (1980) provides an extensive discussion of this issue and states in part:

"(3) An adjudicative determination of a claim by an administrative tribunal does

not preclude relitigation in another tribunal of the same or a related claim based on the same transaction if the scheme of remedies permits assertion of the second claim notwithstanding the adjudication of the first claim.

"(4) An adjudicative determination of an issue by an administrative tribunal does not preclude relitigation of that issue in another tribunal if according preclusive effect to determination of the issue would be incompatible with a legislative policy that:

"(a) The determination of the tribunal adjudicating the issue is not to be accorded conclusive effect in subsequent proceedings; or

"(b) The tribunal in which the issue subsequently arises be free to make an independent determination of the issue in question."

Comment g explains that qualifications and exceptions to the rule of claim preclusion have particular importance with respect to adjudication by administrative agencies:

"One important qualification has to do with the definition of 'claim' itself. In the context of civil actions in courts, the term 'claim' is broadly defined . . . .

"In contrast, the jurisdiction of administrative agencies is usually defined in terms of specified substantive legal provisions. . . . These limitations on authority of the tribunal should carry corresponding limitations on the scope of 'claim' for purposes of the rule of claim preclusion."

The Kansas Civil Service Act, K.S.A. 75-2925 *et seq.*, provides a complete procedure for administrative review in cases where an employee in the classified service of the State complains of a wrongful dismissal. A dismissed employee is required to exhaust all administrative remedies before bringing an independent action to challenge the dismissal. *Pecenka v. Alquest*, 232 Kan. 97, 100, 652 P.2d 679 (1982). In the present case, Parker was required to pursue her administrative remedies for wrongful discharge before the Board before she had the right to bring the district court action for discriminatory discharge.

A Board hearing investigates the reasonableness of the employee's dismissal. K.S.A. 1988 Supp. 75-2949(f); K.S.A. 75-2949d. A reason specifically based on race is included among those not constituting a bona fide occupational qualification. K.S.A. 75-2926(7). Under applicable statutory authority at the time of the instant case, the Board had the power to affirm, modify, or reverse, and order any other action it deemed appropriate. K.S.A. 75-2929e. K.S.A. 1988 Supp. 77-617 and K.S.A. 77-619 limit the evidence and issues available for judicial review of the Board's discretion.

Parker could have raised the issue of racial discrimination in her hearing before the Board determining the reasonableness of

her discharge but, as she had the right to do, elected to submit this issue to the KCCR. Parker could not, however, assert the claims for actual damages (including pain, suffering and humiliation) in excess of $2,000 and punitive damages, nor could she have received de novo review of the action in district court with or without a jury as is guaranteed by K.S.A. 44-1011(b). The Board thus lacked the authority to consider certain aspects of Parker's claim and she should not be precluded from pursuing an action pursuant to K.S.A. 44-1001.

Our Kansas Supreme Court has made it clear that an adverse ruling before the KCCR will not preclude an independent civil action:

"Any person who claims to be aggrieved by an alleged unlawful employment practice [under K.S.A. 44-1001 *et seq.*] may file a complaint with the Commission [on Civil Rights]. But may such a charge be the basis for the direct civil action in the courts, following the exhaustion of the administrative procedure before the Commission? *We hold that it may.* We find no language in the act evidencing a legislative intent to make the procedure before the Commission the exclusive means by which rights granted by the act may be enforced." *Van Scoyk v. St. Mary's Assumption Parochial School*, 224 Kan. 304, 305-06, 580 P.2d 1315 (1978). (Emphasis added.)

Justice Miller, (now Chief Justice) writing for the court in *Van Scoyk*, went on to note that, in circumstances such as those in the present case when administrative remedies have been exhausted and the KCCR has entered a finding of no probable cause, a tort action is appropriate:

"We think it clear that recourse must first be made to the Commission [on Civil Rights] by an aggrieved individual, and the administrative remedies must be exhausted before recourse to the courts. Where the administrative procedure proves efficacious, court action will in most instances be unnecessary. Where a hearing is held, after an order of the Commission is entered and after the rehearing procedure is exhausted, anyone still aggrieved may appeal to the district court. K.S.A. 44-1011. And see *Stephens v. Unified School District*, 218 Kan. 220, 546 P.2d 197 (1975).

"Cases will arise, however, in which the administrative procedure is terminated prior to any adjudication by the Commission as in the case at hand, where upon the entry of a No Probable Cause finding, the doors of the agency were closed. Petitioners exhausted their administrative remedies.

. . . .

"[T]hereafter, plaintiffs were free to pursue the matter further by bringing an independent tort action in the district court; and . . . such action, after exhaustion of the available administrative remedies, is not precluded by the act." 224 Kan. at 306-07.

An order issued under K.S.A. 44-1001 *et seq.* will not have res

judicata effect on a subsequent civil action arising out of the same incident and based on the same statutory authority. It is inconsistent to preclude a K.S.A. 44-1001 tort action because of an order issued under different statutory authority, in this instance, K.S.A. 75-2929e.

Our court has suggested that proper exhaustion of administrative remedies, including those before the Civil Service Board and the Kansas Commission on Civil Rights, permits the filing of an independent action. *Mattox v. Department of Transportation*, 12 Kan. App. 2d 403, 406, 747 P.2d 174 (1987). Dismissal in *Mattox* was based on failure to exhaust administrative remedies, not the res judicata effect of the ruling of an administrative agency on a subsequent action in district court. 12 Kan. App. 2d at 404.

Judge Briscoe, however, stated in *Mattox*: "In *Van Scoyk*, the court held that, following a 'No Probable Cause' determination by the Commission, an aggrieved party may bring an independent civil action in the district court based on an alleged violation of 44-1009." 12 Kan. App. 2d at 405. Parker, in this case, has clearly exhausted all of the available administrative remedies and, while the hearing before the Board did offer the opportunity to consider the discrimination claim, *Mattox* clearly states that such a hearing does not preclude civil actions following adverse administrative rulings on discrimination claims.

The decision in *Scroggins v. State of Kan.*, 802 F.2d 1289 (10th Cir. 1986), is consistent with our holding herein. Scroggins alleged he had lost his employment on racial grounds. The Kansas Civil Service Board found his dismissal was reasonable. The state district court and our court affirmed the Board's decision, and the Kansas Supreme Court denied his petition for review.

Scroggins then filed an action in federal district court alleging discriminatory employment practices. The district court dismissed the action, holding the Board determination was res judicata on the issue of racial discrimination. The Tenth Circuit reversed, suggesting the hearing before the Board focused on the reasonableness of the dismissal, not on the charges of discrimination. 802 F.2d at 1292. The court noted the limited review of Board decisions and expressed concern as to whether Scroggins had a full and fair opportunity to litigate the merits of his racial

discrimination claim before a tribunal authorized to hear the claim. 802 F.2d at 1292. The Tenth Circuit reasoned that, while Scroggins might have been afforded procedural due process, he had not been afforded substantial due process.

The Kansas Legislature in the Workers' Compensation Act has made recovery under that Act the exclusive remedy. K.S.A. 1988 Supp. 44-501; *Stonecipher v. Winn-Rau Corporation*, 218 Kan. 617, 545 P.2d 317 (1976). *Van Scoyk* specifically held: "[W]e find no comparable language in the Kansas act against discrimination." 224 Kan. at 306.

Until such time as the Kansas Legislature specifically states that an administrative action is the exclusive remedy for a discrimination claim, a negative finding by the Civil Service Board or a finding of no probable cause by the KCCR does not preclude a subsequent action in the district court for discriminatory discharge.

Reversed.