19 Kan. App. 2d 1 (1993)
861 P.2d 1345
PHYLLIS J. SIMMONS, Appellant,
v.
VLIETS FARMERS COOPERATIVE ASSOCIATION, BERNARD VANDORN, TERRY BROXTERMAN, LARRY DONAHUE, and JIM CAFFREY, Appellees.
No. 68,278
Court of Appeals of Kansas.
Opinion filed January 29, 1993.
Charles K. Ball, of Myers, Pottroff & Ball, of Manhattan, for appellant.
Michael W. Murphy, of Galloway, Wiegers and Heeney, of Marysville, for appellee.
Before BRAZIL, P.J., LARSON, J., and MURIEL Y. HARRIS, District Judge, assigned.
*2 HARRIS, J.:
Phyllis Simmons appeals a district court decision dismissing her age and sex discrimination action brought against Vliets Farmers Cooperative Association, Bernard Vandorn, Terry Broxterman, Larry Donahue, and Jim Caffrey (Vliets) pursuant to the Kansas Act Against Discrimination (KAAD), K.S.A. 44-1001 et seq., and the Kansas Age Discrimination in Employment Act (KADEA), K.S.A. 44-1111 et seq. The district court held Simmons failed to exhaust her administrative remedies before bringing her cause of action in state court. We affirm.
Simmons was employed by Vliets Farmers Cooperative Association as an office manager and bookkeeper beginning in 1986. When the manager of Vliets resigned, Simmons acted as interim manager for a short period until a new manager was hired. When the new manager later resigned, the position was offered to Terry Broxterman, a man Simmons claimed was less qualified than herself. Simmons retained her position as officer manager and bookkeeper.
Simmons contended Broxterman asked her if she was planning to sue. Simmons stated she felt she had grounds to sue for discrimination, and Broxterman told her she could be fired. Simmons claimed she was subsequently fired without cause, while Vliets claimed she was terminated for good cause.
Simmons filed a complaint with the Equal Employment Opportunity Commission (EEOC). The EEOC issued Simmons a notice of right to sue, stating it dismissed her charges for lack of jurisdiction because Vliets employed fewer than 15 employees. The notice also informed Simmons she had 90 days to sue in federal district court and, if she did not do so, her right to sue was lost.
Simmons then filed suit in federal district court, but the court granted Vliets' motion for summary judgment because it lacked jurisdiction over Simmons' claims of violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (1988), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. (1988).
In addition to the federal action, Simmons also filed a complaint with the Kansas Commission on Civil Rights (KCCR) (now known as the Kansas Human Rights Commission). The KCCR dismissed *3 Simmons' complaint, stating it was KCCR policy "to dismiss the investigation of a complaint when [a] criminal or civil action is filed, based on the same allegations as the complaint filed with the KCCR." The KCCR stated it would take no further action on the matter.
Simmons then filed suit in the state district court, claiming violations of KAAD and KADEA. The district court granted Vliets' motion to dismiss, finding it lacked jurisdiction because Simmons failed to exhaust her administrative remedies. Simmons appeals.
Vliets claims Simmons failed to exhaust her administrative remedies because she did not file a petition for reconsideration upon KCCR's dismissal of her complaint. Simmons contends a petition for reconsideration would have been futile while her federal court action was pending given the KCCR's policy of dismissing complaints while actions based on the same conduct were pending in a court. She also argues she would have no remedy if not allowed to proceed with the state district court action because the time to file a complaint with the KCCR or petition for reconsideration expired before the federal district court dismissed her case.
It is well known that "[o]nce administrative remedies are exhausted, the right to litigate a claimed discriminatory discharge in the district court is allowed in Kansas." Parker v. Kansas Neurological Institute, 13 Kan. App.2d 685, Syl. ¶ 1, 778 P.2d 390, rev. denied 245 Kan. 785 (1989) (fired employee claimed race discrimination). See Van Scoyk v. St. Mary's Assumption Parochial School, 224 Kan. 304, 306-07, 580 P.2d 1315 (1978); Mattox v. Department of Transportation, 12 Kan. App.2d 403, 406, 747 P.2d 174 (1987), rev. denied 242 Kan. 903 (1988). The enforcement provisions of KAAD are not exclusive, and an independent action may be brought in the district court once all administrative remedies are exhausted. Van Scoyk, 224 Kan. at 306-07. The issue in the present case is whether Simmons exhausted those remedies before filing her state district court case.
Judicial review of the KCCR decisions pursuant to both KAAD and KADEA is controlled by K.S.A. 1992 Supp. 44-1010 and K.S.A. 44-1011. See K.S.A. 1992 Supp. 44-1115. K.S.A. 1992 Supp. 44-1010 states, if any party is dissatisfied with a KCCR order or decision, that party may petition for reconsideration by *4 following K.S.A. 77-529. However, "[n]o cause of action arising out of any order or decision of the commission shall accrue in any court to any party unless such party shall petition for reconsideration as herein provided." K.S.A. 1992 Supp. 44-1010.
In addition, any action of the KCCR pursuant to the KAAD is subject to review in accordance with the Act for Judicial Review and Civil Enforcement of Agency Actions. K.S.A. 44-1011(b). K.S.A. 77-612 states: "A person may file a petition for judicial review under this act only after exhausting all administrative remedies available within the agency whose action is being challenged." The Act also states that a petition for reconsideration "is not a prerequisite for seeking ... judicial review except as provided in K.S.A. 44-1010 and 44-1115, and amendments thereto, concerning orders of the Kansas human rights commission." K.S.A. 1992 Supp. 77-529(a).
From the above statutes, it is clear that a claimant must file a petition for reconsideration of any KCCR order or action to exhaust administrative remedies and preserve the right to pursue an independent claim in district court. This conclusion is supported by Stephens v. Unified School District, 218 Kan. 220, 546 P.2d 197 (1975).
In Stephens, the complainant filed a complaint with the KCCR, alleging a violation of KAAD. He alleged racial discrimination in transferring him, a black high school teacher, from a school with a mostly white student body to a school with a mostly black student body and faculty. 218 Kan. at 221-22. The KCCR found probable cause and, after a hearing, found a violation of KAAD. The school district filed a timely motion for rehearing and the KCCR order was modified and reaffirmed. The school district appealed to the district court. 218 Kan. at 222. The district court set aside the KCCR order, and both the KCCR and the complainant appealed. 218 Kan. at 224. The issue was what was required to preserve a claim made to the KCCR for judicial review. 218 Kan. at 221.
The Stephens court analyzed K.S.A. 44-1010 and previous Kansas case law. The version of K.S.A. 44-1010 relied upon in Stephens is the same as the version applicable in the present case, except the present version uses "reconsideration" instead of "rehearing." See K.S.A. 1992 Supp. 44-1010; 218 Kan. at 225. The *5 court held "that a motion for rehearing under K.S.A. 44-1010 is a prerequisite to judicial review." 218 Kan. at 227.
Simmons argues it would have been futile to request rehearing because of the KCCR policy dismissing a complaint when a civil action is filed so the exhaustion requirement should not apply. However, K.A.R. 21-41-10 states: "When a complainant institutes either criminal or civil proceedings on a matter pending before the commission, the commission may, in its own discretion, suspend or dismiss action on a complaint based on the same matter." (Emphasis added.) Therefore, it would not have been futile for Simmons to request reconsideration and ask for suspension instead of dismissal.
Simmons was required to petition the KCCR for reconsideration of its dismissal order in order to exhaust her administrative remedies. Because she did not do so, the district court correctly dismissed her independent action against Vliets.
Affirmed.