Victor **BUTLER** and Chris Thomas, Plaintiffs,

v.

**CAPITOL FEDERAL SAVINGS,** Defendant.

Civ. A. No. 95–2237–GTV.

United States District Court, D. Kansas.

Oct. 24, 1995.

Steven J. Borel, Aldo P. Caller, Steven J. Borel and Associates, Kansas City, MO, for plaintiffs.

Brock A. Shealy, Julianne Popper, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, MO, for defendant.

### MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This race discrimination case is before the court on defendant's motion (Doc. 3) to dismiss Counts II, III and IV of plaintiffs' complaint for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, defendant's motion is granted.

Plaintiffs Victor Butler and Chris Thomas allege in their complaint that defendant Capitol Federal Savings unlawfully discriminated against them based upon their race in violation of 42 U.S.C. § 1981 (Count I), Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d (Count II), and the Kansas Act Against Discrimination (KAAD), K.S.A. § 44–1001 et seq. (Count IV). In addition, plaintiff Butler alleges that defendant unlawfully discriminated against him in violation of the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691 et seq. (Count III).

### I. Background

Plaintiffs' complaint alleges the following facts in support of their claims of race discrimination.

On or about June 2, 1993, plaintiff Victor Butler applied to open a savings account in his name with an initial deposit of $5,000 at defendant's Mission, Kansas branch location. Plaintiff Chris Thomas accompanied Butler and also intended to open an account. An account representative of defendant provided Butler with some forms to fill out and asked whether or not he was employed. Butler responded that he was not currently employed. After speaking with a supervisor, defendant's account representative informed Butler that he could not open a savings account with the institution because he was not employed.

Plaintiffs allege that the denial of Butler's application to open a savings account was based in whole or in part upon his race. Defendant seeks dismissal of Counts II, III,

and IV of plaintiffs' complaint for failure to state a claim.

### II. Legal Standard

In ruling on a motion to dismiss for failure to state a claim, the court must assume the truth of all well-pleaded facts in plaintiff's complaint and view them in the light most favorable to plaintiff. *Zinermon v. Burch,* 494 U.S. 113, 118, 110 S.Ct. 975, 979, 108 L.Ed.2d 100 (1990); *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). All reasonable inferences must be indulged in favor of plaintiff, *Swanson,* 750 F.2d at 813, and the pleadings must be liberally construed. *Gas–A–Car, Inc. v. American Petrofina, Inc.,* 484 F.2d 1102 (10th Cir.1973); Fed.R.Civ.P. 8(a). The issue in reviewing the sufficiency of a complaint is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The court may not dismiss a case for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

Fed.R.Civ.P. 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need not be factually detailed but it "must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 85, 78 S.Ct. at 175. Similarly, "allegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim." *Bryan v. Stillwater Board of Realtors,* 578 F.2d 1319, 1321 (10th Cir.1977). While a plaintiff is not required to precisely state each element of the claim, Rule 8(a) nevertheless requires minimal factual allegations on those material elements that must be proved to recover. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991).

### A. Title VI Claims (Count II)

Defendant seeks dismissal of plaintiffs' claim under Title VI of the Civil Rights Act

of 1964, 42 U.S.C. § 2000d, for failure to state a claim. Defendant contends that plaintiffs' claim under Title VI is insufficient in two respects. First, defendant asserts that plaintiffs have not alleged that defendant received federal funds. Second, Defendant contends that plaintiffs have failed to allege that they are the intended beneficiaries of a federally funded financial assistance program.

Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d provides that:

> [n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

Title VI prohibits discrimination in the administration of federally funded programs. *Neighborhood Action Coalition v. City of Canton, Ohio,* 882 F.2d 1012, 1014 (6th Cir. 1989); *Doe v. St. Joseph's Hospital of Fort Wayne,* 788 F.2d 411, 418–19 (7th Cir.1986).

Plaintiffs allege that defendant is a federal savings and loan created and operating under the supervision and control of the Federal Home Land Bank Board pursuant to 12 U.S.C. § 1464(a). Plaintiffs also allege that defendant is a member of the Federal Home Loan Bank, 12 U.S.C. § 1464(f), and that its customers' accounts are insured by the Federal Savings and Loan Insurance Corporation (FSLIC).

Plaintiffs' only allegation that defendant is a recipient of federal financial assistance is the FSLIC insurance of its deposits. This is insufficient to state a claim under Title VI. Title VI specifically exempts a contract of insurance from the definition of "federal financial assistance." Civil Rights Act of 1964, § 602, 42 U.S.C. § 2000d–1; *Moore v. Sun Bank of North Florida,* 923 F.2d 1423 (11th Cir.1991) (addressing the application of the exemption of insurance in Title VI to the Rehabilitation Act); *United States v. Baylor University Medical Center,* 736 F.2d 1039, 1048 (5th Cir.1984), *cert. denied,* 469 U.S. 1189, 105 S.Ct. 958, 83 L.Ed.2d 964 (1985) (legislative history of Title VI makes it abundantly clear that Congress intended to ex-

empt individual bank accounts in a bank with federally guaranteed deposits from Title VI); *Moore v. Sun Bank of North Florida,* 1988 WL 228560 (M.D.Fla.1988) (argument that bank receives federal financial assistance through deposit insurance is without merit). The mere fact that defendant operates under certain federal statutes or participates in certain federal programs is insufficient to give plaintiffs standing to bring a claim under 42 U.S.C. § 2000d. *Steptoe v. Savings of America,* 800 F.Supp. 1542, 1548 (N.D.Ohio 1992).

In addition, plaintiffs have not alleged that they are intended beneficiaries of a federally funded program in which defendant participates. "[T]he legislative history of Title VI 'lends strong support to the conclusion that Congress did not intend to extend protection under Title VI to any person other than an intended beneficiary of federal financial assistance.'" *Doe,* 788 F.2d at 419 (quoting *Simpson v. Reynolds Metals Co.,* 629 F.2d 1226, 1235 (7th Cir.1980)); *Miller v. Phelan,* 845 F.Supp. 1201 (N.D.Ill.1993) (To state a claim, plaintiff must allege that he is an intended beneficiary of a federally funded program.). *Contra Wrenn v. State of Kansas,* 561 F.Supp. 1216, 1221 (D.Kan.1983) (finding no requirement to plead that plaintiff was an intended beneficiary of a federally funded program).

The court concludes that plaintiffs have failed to state a claim under Title VI. Defendant's motion to dismiss Count II of plaintiffs' complaint is granted.

### B. ECOA Claim (Count III)

Plaintiff Butler alleges that defendant's rejection of his application to open a savings account was an unlawful act of discrimination in violation of the ECOA. Defendant contends that plaintiff Butler's claim under the ECOA should be dismissed because the ECOA is limited to credit transactions.

The ECOA provides that it is "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction on the basis of race...." 15 U.S.C. § 1691(a)(1).

Section 1691a(d) defines credit as:

the right granted by a creditor to a debtor to defer payment of debt or to incur debts and defer its payment or to purchase property or services and defer payment therefor.

 Defendant contends that plaintiff Butler's application to open a savings account is not a "credit transaction" under the ECOA. The court agrees. The opening of a savings account is not a credit transaction because it is not a right to defer payment of a debt. *See Dunn v. American Express Co.,* 529 F.Supp. 633, 634 (D.Colo.1982) (denial of application for a teller card which would allow use of automated teller machine to access a savings account was not a credit transaction under the ECOA).

The court concludes that plaintiff Butler has failed to state a claim under the ECOA. Plaintiff Butler's claim in Count III of the complaint is dismissed.

### C. KAAD Claims (Count IV)

Finally, defendant argues that plaintiffs' claims of race discrimination under the KAAD should be dismissed because plaintiffs have failed to allege exhaustion of administrative remedies. Plaintiffs argue that because their administrative claim has been pending for more than two years, they should not be prohibited from bringing court action simply because they did not await a decision by the Kansas Human Rights Commission (KHRC).

 "[T]he Kansas Supreme Court has made clear that an individual must exhaust administrative remedies before filing an action under the KAAD in court." *Laughinghouse v. Risser,* 754 F.Supp. 836, 842 (D.Kan. 1990) (citing *Van Scoyk v. St. Mary's Assumption Parochial School,* 224 Kan. 304, 580 P.2d 1315 (1978)). In *Van Scoyk,* the Kansas Supreme Court described the exhaustion requirements as follows:

> We think it clear that recourse must first be made to the Commission by an aggrieved individual, and the administrative remedies must be exhausted before recourse to the courts.... Where a hearing is held, after an order of the Commission is entered and after the rehearing procedure

is exhausted, anyone still aggrieved may appeal to the district court.

*Van Scoyk,* 580 P.2d at 1317 (citing K.S.A. § 44–1011); *Davidson v. MAC Equip. Inc.,* 878 F.Supp. 186, 189 (D.Kan.1995).

 "The burden is on plaintiff to plead either that he has exhausted his administrative remedies, or that exhaustion of administrative remedies is not required in his case." *Wrenn v. State of Kansas,* 561 F.Supp. 1216, 1222 (D.Kan.1983). Plaintiffs have failed to state a claim under the KAAD because they have not alleged exhaustion of administrative remedies. Accordingly, defendant's motion to dismiss Count IV of plaintiffs' complaint is granted.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion to dismiss (Doc. 3) is granted. Counts II, III and IV of plaintiffs' complaint are dismissed.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**