No. 79,590

PERRY T. SANDLIN, *Appellant/Cross-Appellee*, v. ROCHE LABORA-
TORIES, INC., d/b/a ROCHE BIOMEDICAL LABORATORIES, a Del-
aware Corporation; MARY PECK, an individual; and NATALIE
PIERCE, an individual, *Appellees/Cross-Appellants*.

(991 P.2d 883)

Opinion filed
November 5, 1999.

*Stephanie N. Scheck*, of Morrison & Hecker, L.L.P., of Wichita, argued the
cause, and *Alan L. Rupe*, of the same firm, was with her on the briefs for appellant/
cross-appellee.

*Dennis V. Lacey*, of Kahrs, Nelson, Fanning, Hite & Kellogg, L.L.P., of Wichita, argued the cause, and *Richard L. Honeyman*, of the same firm was with him on the brief for appellees/cross-appellants.

The opinion of the court was delivered by

LARSON, J.: The dispositive issue of this appeal is whether a fired employee, with an administrative proceeding pending before the Kansas Human Rights Commission in which a probable cause finding of a violation of K.S.A. 44-1001 *et seq.*, had been issued, may bring a separate action in the district court without completely exhausting his administrative remedies. We hold that he may not.

Perry T. Sandlin sued his former employer, Roche Laboratories, Inc., (now Laboratory Corp. of America Holdings) (Roche) for alleged violations of the Kansas Acts Against Discrimination (KAAD), K.S.A. 44-1001 *et seq.* Roche's motion for summary judgment based on lack of jurisdiction for failure to exhaust administrative remedies was denied. A jury trial was commenced, and Sandlin presented his evidence and rested. The trial court granted Roche's motion for a directed verdict on Sandlin's substantive claims.

Sandlin appeals the trial court's grant of a directed verdict. Roche cross-appeals the trial court's ruling regarding lack of jurisdiction. The case was transferred to this court from the Court of Appeals pursuant to K.S.A. 20-3018(c).

### Factual and procedural background

Only a limited factual background is necessary because we resolve this matter on procedural grounds raised by the cross-appeal.

Sandlin had worked for Roche and its predecessors between 1973 and the time of the termination of his employment on May 1, 1992. He asserts that because he suffered from depression, the termination of his employment resulted from discrimination against him in violation of the KAAD.

On July 28, 1992, Sandlin filed a timely complaint with the Kansas Human Rights Commission (KHRC), which then conducted an investigation and on or about June 13, 1995, issued a finding that probable cause existed for crediting the allegations of the complaint as allowed by K.S.A. 44-1005(e). A copy of this probable

cause finding is not in the record, but it is referred to in a June 20, 1995, letter of Sandlin's then counsel that expresses readiness for the conciliation process, including his damage claim for lost wages, pain and suffering, attorney fees, and possible reinstatement.

On August 2, 1996, while the administrative proceeding was still active and pending, Sandlin filed his district court petition in this case.

In its September 5, 1996, answer to Sandlin's petition, Roche asserted affirmatively that Sandlin's claim was barred because he had failed to exhaust his administrative remedies.

In an apparent response to this allegation, Sandlin's attorney wrote KHRC on September 9, 1993, requesting dismissal of Sandlin's pending case and closure of the administrative file.

The KHRC, on September 13, 1996, sent a letter to Sandlin in care of his attorney at her address, dismissing the complaint administratively pursuant to K.A.R. 21-41-10, as authorized by K.S.A. 44-1003 and K.S.A. 44-1004. The letter enclosed as an attachment a copy of the recently published decision of the Kansas Court of Appeals, *Simmons v. Vliets Farmers Co-op Ass'n*, 19 Kan. App. 2d 1, 861 P.2d 1345, *rev. denied* 253 Kan. 861 (1993), which was stated to be "for your consideration as to any action you may deem appropriate."

The *Simmons* decision states: "A claimant must file a petition for reconsideration of any Kansas Human Rights Commission order or action to exhaust administrative remedies and preserve the right to pursue an independent claim in district court. See K.S.A. 44-1001 *et seq.*, K.S.A. 44-1111 *et seq.*, K.S.A. 1992 Supp. 44-1010, and K.S.A. 44-1011." 19 Kan. App. 2d 1, Syl. ¶ 2.

The KHRC dismissal letter was received by Sandlin's attorney on or about September 15, 1996, but Sandlin was not given a copy.

We need not relate in detail the complicated factual scenario that next occurred in the procedural history of this case. It is sufficient to state that near the end of 1996, Sandlin's attorney raised the fact that Sandlin had not been served with the order, service was made, a petition for reconsideration was presumably filed but not received by the KHRC, and a later petition for reconsideration was filed in April 1997. Roche's motion for summary judgment

based on lack of jurisdiction was principally argued based on San-
dlin's failure to timely satisfy the requirement of asking for recon-
sideration of the KHRC's order of dismissal.

However, at the hearing on Roche's motion for summary judg-
ment, even though Roche concentrated on arguing that Sandlin
had failed to file his petition for reconsideration within 15 days of
service of the order of dismissal, Sandlin's attorney noted:

" 'Mr. Lacey [Roche's attorney] originally raised with us the fact that we couldn't
file our lawsuit because we hadn't dismissed the [KHRC] charges [,he] has, in his
answer, alleged that we were premature in filing that claim; he has now waived
that argument. We offered to dismiss the case, close the administrative file and
proceed on and Mr. Lacey declined that invitation.' "

There was no further mention of the premature filing issue. The
trial court denied Roche's motion for summary judgment. That
denial is the subject of Roche's cross-appeal to our court, which
we first consider, as it is dispositive in this case.

## Standard of Review

Although we review the trial court's denial of Roche's motion
for summary judgment, we do so on the basis of interpretation of
statutes, which are questions of law upon which our review is un-
limited. *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875,
879, 953 P.2d 1027 (1998). More specifically, it was held in *Nora
H. Ringler Revocable Family Trust v. Meyer Land and Cattle Co.*,
25 Kan. App. 2d 122, Syl. ¶ 6, 958 P.2d 1162 (1998) that "[w]hether
a party is required to or has failed to exhaust administrative rem-
edies is a question of law over which our review is unlimited."

In deciding these issues, we will in part be considering statutory
provisions, which we do with the following rules in mind:

"In construing statutes, the legislative intention is to be determined from a general
consideration of the entire act. Effect must be given, if possible, to the entire act
and every part thereof. To this end, it is the duty of the court, as far as practicable,
to reconcile the different provisions so as to make them consistent, harmonious
and sensible. [Citations omitted.]" *KPERS v. Reimer & Koger Assocs., Inc.*, 262
Kan. 635, 643, 941 P.2d 1321 (1997).

## Statutory Provisions of Kansas Act Against Discrimination

The KAAD seeks to end discrimination by reason of race, relig-

ion, color, sex, disability, national origin, and ancestry, in all employment relations, in housing, and in all places and public accommodations covered by the Act. K.S.A. 44-1001. It is unlawful under the KAAD for an employer, because of the disability of an employee, to discharge or otherwise discriminate against the employee in the terms or conditions of employment. K.S.A. 44-1009(a)(1).

Within 6 months after an alleged discriminatory act or after the last in a pattern of such acts, individuals claiming violations of the KAAD may file a complaint with the KHRC. The KHRC serves a copy of the complaint on the party accused of violating the act and then investigates the allegations. K.S.A. 44-1005(a), (d), and (i). The commissioner assigned to a case then determines if probable cause exists to credit the allegations. Where the KHRC makes a finding of "no probable cause," the claimant is served notice, and such finding is not subject to judicial review. K.S.A. 44-1005(d); *Van Scoyk v. St. Mary's Assumption Parochial School,* 224 Kan. 304, Syl. ¶ 1, 580 P.2d 1315 (1978).

If there is a finding of probable cause, the commissioner endeavors to end the discriminatory practice by conference and conciliation. K.A.R. 44-1005(e). If no agreement is reached, the KHRC commences a hearing in accord with the Kansas Administrative Procedures Act (KAPA). K.S.A. 44-1005(f).

The officer presiding at such hearing is to render an initial order on the issue of whether the employer engaged in an unlawful employment practice. If an unlawful practice occurred, the officer is to render an order providing for remedial action or compensation as warranted and permitted by the act. K.S.A. 44-1005(k). If the officer determines no unlawful practice occurred, the officer is to render an order dismissing the complaint. K.S.A. 44-1005(m). Either of the above initial orders shall be reviewed by the KHRC, and a copy of the final order shall be served on the parties. K.S.A. 44-1005(n).

Any party dissatisfied with any order or decision of the KHRC "may petition for reconsideration in accordance with the provisions of K.S.A. 77-529" within 15 days of the service of the final order, and such a petition is a prerequisite to judicial review of any order

or decision of the KHRC. K.S.A. 44-1010; K.S.A. 77-529(a). Any action of the KHRC is reviewable under the Act for Judicial Review and Civil Enforcement of Agency Actions with certain specified exceptions not relevant here. K.S.A. 44-1011.

An aggrieved individual may also bring an independent cause of action in the district court based on the rights and prohibitions of the KAAD once he or she has exhausted administrative remedies. *Van Scoyk*, 224 Kan. at 306.

## 1996 Amendments to K.S.A. 44-1005

It is important to point out that the statutory provisions regarding the dismissal of matters pending before the KHRC and the necessity of filing a petition for reconsideration were substantially changed by the 1995 Kansas Legislature. The parties in this case were instructed to brief the issue of whether K.S.A. 1995 Supp. 44-1005(i) affects jurisdiction. That subsection states:

"(i) Any complaint filed pursuant to this act must be so filed within six months after the alleged act of discrimination, unless the act complained of constitutes a continuing pattern or practice of discrimination in which event it will be from the last act of discrimination. *Complaints filed with the commission on or after July 1, 1996, may be dismissed by the commission on its own initiative, and shall be dismissed by the commission upon the written request of the complainant, if the commission has not issued a finding of probable cause or no probable cause or taken other administrative action dismissing the complaint within 300 days of the filing of the complaint. The commission shall mail written notice to all parties of dismissal of a complaint within five days of dismissal. Complaints filed with the commission before July 1, 1996, shall be dismissed by the commission upon the written request of the complainant, if the commission has not issued a finding of probable cause or no probable cause or taken other administrative action dismissing the complaint within 300 days of the filing of the complaint. Any such dismissal of a complaint in accordance with this section shall constitute final action by the commission which shall be deemed to exhaust all administrative remedies under the Kansas act against discrimination for the purpose of allowing subsequent filing of the matter in court by the complainant, without the requirement of filing a petition for reconsideration pursuant to K.S.A. 44-1010 and amendments thereto. Dismissal of a complaint in accordance with this section shall not be subject to appeal or judicial review by any court under the provisions of K.S.A. 44-1011 and amendments thereto. The provisions of this section shall not apply to complaints alleging discriminatory housing practices filed with the commission pursuant to K.S.A. 44-1015 et seq. and amendments thereto.*" L. 1995, ch. 247, § 2.

This provision was amended in response to a large backlog of cases before the KHRC. See testimony of Branden R. Myers, Chief Legal Counsel, Kansas Human Rights Commission, March 28, 1995, regarding S.B. 376 before the Senate Governmental Organization Committee. Because the Sandlin complaint with the KHRC was filed in July 1992, and the amendment of the statute would be deemed to be procedural and not substantive, the complaint would be subject to the statute's amended provisions.

However, as both parties argue, because a probable cause finding *had* been made on Sandlin's complaint and the amended statute states that complaints "shall be dismissed by the commission upon the written request of complainant, if the commission has *not* issued a finding of probable cause or no probable cause or taken other administrative action dismissing the complaint within three hundred days of filing the complaint," the amended provisions do not apply in this case.

Although the KHRC took longer than 300 days to issue the probable cause finding, the finding had been made and the administrative process was at work. The conditions for dismissal have not been met, and K.S.A. 1995 Supp. 44-1005(i) is not applicable to the facts of our case.

## Exhaustion of Administrative Remedies

It is axiomatic and this court has consistently held that it is our duty to raise the question of jurisdiction on our own motion, and, if the trial court lacked jurisdiction, the appellate court likewise does not acquire jurisdiction over the subject matter of the appeal. *City of Overland Park v. Barron*, 234 Kan. 522, Syl. ¶ 1, 672 P.2d 1100 (1983); *In re Lakeview Gardens, Inc.*, 227 Kan. 161, Syl. ¶ 8, 605 P.2d 576 (1980). Where the court lacks jurisdiction, the parties may not ordinarily confer such jurisdiction upon the court by consent, waiver, or estoppel. *In re Marriage of Mosier*, 251 Kan. 490, 493, 836 P.2d 1158 (1992); *In re Estate of Freshour*, 177 Kan. 492, 499-500, 280 P.2d 642 (1995).

Our court has consistently recognized the doctrine of exhaustion of administrative remedies as being well established in the jurisprudence of administrative law. In *Jarvis v. Kansas Commission on*

*Civil Rights*, 215 Kan. 902, 904, 528 P.2d 1232 (1974), Justice Owsley, speaking for a unanimous court, stated these broad principles:

"A primary purpose of the doctrine is the avoidance of premature interruption of the administrative process. It is normally desirable to let the administrative agency develop the necessary factual background upon which its decisions are based. Since agency decisions are frequently of a discretionary nature, or frequently require expertise, the agency should be given the first chance to exercise that discretion or to apply that expertise. It is more efficient for the administrative process to go forward without interruption than it is to permit the parties to seek aid from the courts at various intermediate stages. . . . Frequent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures." 215 Kan. at 904-05.

*Jarvis* cited *Jenkins v. Newman Memorial County Hospital*, 212 Kan. 92, 510 P.2d 132 (1973), which involved the exhaustion issue where the respondent in a KAAD case filed an appeal to the district court and had it dismissed because of failure to attempt the rehearing process available under the KAAD. The complainant and the KHRC joined in a motion to dismiss on the ground the court lacked jurisdiction of the subject matter because the hospital had failed to exhaust its administrative remedies. We upheld the trial court's dismissal on appeal and stated:

"The doctrine of exhaustion of administrative remedies is directed toward promoting proper relationships between the courts and administrative agencies charged with particular administrative and regulatory duties. It promotes orderly procedure and requires a party to exhaust the administrative sifting process with respect to matters peculiarly within the competence of the agency. It requires avoidance of interference with functions of the administrative agency by withholding judicial action until the administrative process has run its full course. The failure to exhaust administrative remedies has often been emphasized as a ground for denying judicial review. It rests on sound consideration of comity and convenience, fully recognizing the separation of powers doctrine as set forth in our case law. [Citations omitted.]

"The doctrine of exhaustion of administrative remedies dictates that a remedy before an administrative agency provided by law must be sought and completed before courts will act." 212 Kan. at 95.

More recent case law regarding the KAAD has consistently noted that an independent civil action under the KAAD can only be filed once administrative remedies have been exhausted. In *Van*

*Scoyk,* 224 Kan. 304, we held that an independent action based on the KAAD is permissible, but "recourse must first be made to the Commission by an aggrieved individual, and the administrative remedies must be exhausted before recourse to the courts. Where the administrative procedure proves efficacious, court action will in most instances be unnecessary." 224 Kan. at 306-07.

In *Simmons,* 19 Kan. App. 2d at 2, the complaint before the KCCR (now KHRC) was administratively dismissed when Simmons filed a federal suit upon which summary judgment was subsequently granted to Vliets. When Simmons then attempted to file a state court action claiming violations of the KAAD, her action was dismissed for failure to file the required petition for reconsideration. It was held: "[I]t is clear that a claimant must file a petition for reconsideration of any KCCR order or action to exhaust administrative remedies and preserve the right to pursue an independent claim in district court." 19 Kan. App. 2d at 4.

In response to an argument that the filing of the reconsideration petition was a futile action, it was held that it would not be because suspension rather than dismissal could have been requested, which would have protected her administrative remedies and might have precluded the need to seek civil relief under the KAAD in an independent suit.

In *Wagher v. Guy's Foods, Inc.,* 256 Kan. 300, 885 P.2d 1197 (1994), the primary issue was when the statute of limitations on an independent cause of action under the KAAD begins to run, and the exhaustion issue was not discussed. Nevertheless, the *Wagher* court stated more than once in the opinion that exhaustion was required before the independent suit could be brought: "Wagher had a cause of action against Guy's Foods, but she was precluded from filing it until the administrative remedies were exhausted," 256 Kan. at 310, and "Wagher was precluded from bringing her action against Guy's Foods until she had exhausted her administrative remedies under the KAAD." 256 Kan. at 312; see also *Davidson v. MAC Equipment, Inc.,* 878 F. Supp. 186, 189 (D. Kan. 1995) (KAAD claims dismissed where plaintiff had failed to petition the KHRC for reconsideration); *United Steelworkers of America v. Kansas Comm'n on Civil Rights,* 253 Kan. 327, 332-33, 855

P.2d 905 (1993) (for purposes of seeking judicial review of the KHRC's decisions, exhaustion does not occur until the KHRC has issued its order on the petition for reconsideration); and *Mattox v. Department of Transportation*, 12 Kan. App. 2d 403, 406, 747 P.2d 174 (1987), *rev. denied* 242 Kan. 903 (1988) ("*Van Scoyk* support[s] the general principle that administrative remedies must be exhausted before initiating a civil action for damages.").

Applying the language and principles of the above case law makes it clear Sandlin is not permitted to file, bring, or pursue an independent action based on the KAAD in state court prior to exhausting all administrative remedies.

While the inordinate delays in the administrative proceedings were undoubtedly frustrating, we must protect the requirement of exhaustion of the KHRC process. It was Sandlin's filing of the civil suit that gave rise to the administrative dismissal of his KHRC complaint. We will not hold he can be said to have exhausted an administrative remedy by purposely interrupting the administrative process.

We hold the district court was without jurisdiction to consider the civil action that Sandlin brought. Neither the filing of this case, nor the request of Sandlin, justify the action of the KHRC under its letter of September 13, 1996, in administratively dismissing the pending action before the KRHC. The subsequent filings of Sandlin before the KHRC are likewise void and of no legal force and effect.

The cross-appeal is sustained. This case is remanded to the trial court with instructions to dismiss without prejudice Sandlin's petition for failure to exhaust administrative remedies. Sandlin's complaint before the KHRC is deemed to remain pending subject to further action thereon.