**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 30, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MARY PATILLO,

      Plaintiff-Appellant,

v.

LARNED STATE HOSPITAL;
TRANSITIONAL HOUSE SERVICE;
KANSAS HUMAN RIGHTS
COMMISSION; DEPARTMENT OF
SOCIAL AND REHABILITATION
SERVICES, State of Kansas;
DONALD JORDAN, Secretary of
SRS; SHARI CAMPBELL, Regional
Director; STACEY CLARK-PAIGE,
Transitional House Services Director;
MARK SCHULLER, Larned State
Hospital Superintendent; ADELE
DUNN, LBSW - Licensed
Baccalaureate Social Worker, Human
Resources Director; KERRI
BARNARD, LSH Human Resources
Employee Relations/EEO; SHELLY
BLANN, Assistant Transitional House
Services Director; JOYCE
HAMMOND-PERRY, Director of SRS
EEO; JOHN BADGER, General
Counsel of SRS; CORY TURNER,

      Defendants-Appellees.

No. 11-3184
(D.C. No. 2:09-CV-02545-EFM-DJW)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of

(continued...)

Before **HARTZ**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Plaintiff Mary Patillo appeals from the dismissal of her pro se employment discrimination/civil rights suit based on various legal deficiencies. We review the dismissal de novo, *see Merryfield v. Jordan*, 584 F.3d 923, 926 (10th Cir. 2009), and affirm for substantially the reasons stated by the district court.[1]

## ORIGINAL COMPLAINT - FIRST DISMISSAL ORDER

Plaintiff's initial pleading, naming only defendant Larned State Hospital, was a form complaint for employment discrimination on which she checked the spaces for claims under Title VII of the Civil Rights Act of 1964 (Title VII), Age Discrimination in Employment Act (ADEA), Americans with Disabilities Act (ADA), and Equal Pay Act provisions of the Fair Labor Standards Act (EPA). She included little factual detail to flesh out the nature and basis of these claims, which she alleged arose out of her work with Transitional House Services (THS)

[*](...continued)
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]    Plaintiff's appellate brief is completely lacking in substantive argument, and defendants contend in their answer brief that we can summarily affirm on the basis of this deficiency. We agree, though we explain the substance of the district court's disposition for plaintiff's benefit.

at Osawatomie State Hospital. THS implements a sexual predator treatment program in conjunction with defendant Larned State Hospital. The defendant hospital moved to dismiss on a number of grounds. The district court granted the motion in part and denied it in part.

The district court correctly dismissed the ADA and ADEA claims as barred by Eleventh Amendment immunity. Unless waived or abrogated, such immunity extends to state entities.[2] *Ross v. Bd of Regents of Univ. of New Mexico*, 599 F.3d 1114, 1117 (10th Cir. 2010). Kansas has not waived its immunity, *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1195 (10th Cir. 1998), nor has Congress effectively abrogated state immunity under either the ADA, *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001), or the ADEA, *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 91-92 (2000). The EPA claim was based on the hospital's advertisement of an overly high pay range for applicants at plaintiff's position. Because the ad applied to all applicants, the district court correctly dismissed this claim for lack of the *sine qua non* of EPA liability—a pay differential *based on sex*, *Mickelson v. New York Life Ins. Co.*, 460 F.3d 1304, 1311 (10th Cir. 2006). As for the Title VII claim, which the hospital challenged as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007),

---

[2]     Larned State Hospital and Osawatomie State Hospital are state institutions under the authority of the Kansas Secretary of Social and Rehabilitation Services. *See* Kan. Stat. Ann. §§ 76-12a06; 76-1201, 76-1301.

and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the district court noted that plaintiff had sought leave to file an amended complaint to include additional facts, and therefore delayed any ruling on pleading deficiencies until it was filed.

## AMENDED COMPLAINT - SECOND DISMISSAL ORDER

The amended complaint added as defendants THS, the Kansas Department of Social and Rehabilitative Services (SRS), several SRS officers and employees, and the Kansas Human Rights Commission (KHRC). It included rambling allegations littered with conclusory constitutional and statutory references lacking details to clarify the claims asserted and the grounds for asserting them against specific named defendants. The district court summarized:

> Plaintiff's amended complaint is difficult to understand. Her complaints seem[] to arise from her employment with the state of Kansas at the Transition House Services. . . . Plaintiff claims defendants "violated her constitutional rights through a campaign of continuing unlawful employment practices and patterns, [and] race discrimination . . . ." Her action is apparently primarily one for employment discrimination under the "Kansas Act Against Discrimination, Title VII of the Civil Rights Act of 1964, [42 U.S.C.] Sec. 1981, 1983, 1985(1), and (2), 1985(3), 1986 . . . and the Fair Labor Standards Act."

R. Vol. 1 at 295 (quoting Amended Complaint ¶ 1, R. Vol. 1 at 145) (footnote omitted). Defendants moved to dismiss on various grounds.[3]

---

[3] Two defendants, Shelly Blann and Joyce Hammond-Perry, were never served and hence did not join in the motions. But, as the time for service under Fed. R. Civ. P. 4(m) had expired, the district court dismissed them from the case without prejudice when it granted defendants' motions to dismiss.

-4-

## A.  42 U.S.C. §§ 1981, 1983, 1985, and 1986

The district court noted that KHRC and SRS were immune from suit under the Eleventh Amendment and that this immunity had not been abrogated or waived in connection with §§ 1981, 1983, 1985, or 1986. *See Ellis*, 163 F.3d at 1195-96. Thus, dismissal of these claims against these state entities was correct.[2]

The district court also noted that the complaint lacked sufficient factual allegations of personal involvement in any actionable conduct to state a claim against the individual state defendants under the cited statutes. *See generally Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *Northington v. Jackson*, 973 F.2d 1518, 1521-22 (10th Cir. 1992). Keeping in mind that "formulaic recitation of the elements of a cause of action," "mere conclusory statements," and "naked assertions devoid of further factual enhancement" do not state a claim, *Iqbal*, 129 S. Ct. at 1949, (brackets and internal quotation marks omitted) we agree with the district court that the amended complaint fails to include sufficient specific factual allegations to support a claim under the cited statutes. The few passing references to individual defendants scattered through the amended complaint fail to describe particular misconduct warranting

---

[2]  The court also held that plaintiff's theory of liability against KHRC--that it should be held liable for employment discrimination it failed to discover and stop--reflected a misunderstanding of the law, in that administrative agencies investigating alleged civil rights violations are not subject to liability for the results, right or wrong, of their investigation. We need not delve into the matter, as KHRC's immunity renders the question academic.

imposition of liability and, though there are conclusory allegations of conspiracy, such allegations without supporting factual detail are plainly inadequate, *Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010).

## B. Equal Pay Act

The fatal deficiency of this claim in the amended complaint is basically the same as it was in the original complaint. The essential premise for an EPA claim is a pay differential improperly based on sex, *Mickelson*, 460 F.3d at 1311, and the amended complaint, even with its additional factual allegations, does not include any facts showing a difference in pay based on plaintiff's gender.[3]

## C. Title VII and Kansas Act Against Discrimination (KAAD)

The district court correctly noted that exhaustion of administrative remedies is a jurisdictional prerequisite for Title VII claims, *see Shikels v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005), and as such it is something plaintiff must "plead and show" to avoid dismissal, *Cudjoe v. Indep. Sch. Dist. No. 12*, 297 F.3d 1058, 1063 (10th Cir. 2002). The court concluded that the amended complaint failed to demonstrate that plaintiff had exhausted her administrative remedies and dismissed her Title VII claim accordingly.

---

[3]     Plaintiff alleged pay discrimination based on the advertisement noted earlier, which she stated resulted in the hire of two applicants at a higher rate of pay than she was receiving. Again, even assuming the truth of these allegations, the advertised positions were open to applicants regardless of gender, race, or age, and plaintiff does not allege that those hired for the positions were chosen for discriminatory reasons.

We agree that the following conclusory allegation, which includes no reference to dates (of the complaint, its resolution, or the underlying incident), persons, misconduct, or asserted statutory violation for the complaints alluded to, is plainly inadequate to show exhaustion of remedies for any particular Title VII claim: "[Plaintiff] states that she filed several complaints by certified mail to Kansas Human Rights Commission, U.S. Attorney Office of Kansas, Kansas Attorney General Office, Equal Employment Opportunity Commission, Regional Director for SRS, SRS EEO department[, but] no department would make the terrible abuse to stop." R. Vol. 1 at 147. And subsequent passing references did not correct the many inadequacies.[4]

These pleadings deficiencies could have been obviated had plaintiff provided the court sufficient documentation to demonstrate exhaustion, but she failed to do so. She did attach a complaint and EEOC right-to-sue letter to her original pleading, *id.* at 16-18, but the complaint relates to the ADA claim we have already held was properly dismissed for other reasons in the district court's

---

[4] An allusion to "several complaints filed from 2003-2009," R. Vol. 1 at 150, is devoid of content except its plainly deficient reference to a six-year time period for the unspecified complaints. Plaintiff later stated that she "received Dismissal and Notice of Rights, on August 9, 2003, March 09, 2004, March 17, 2005," *id.* at 155, but (in addition to the lack of any specification of content) these are not related closely enough in time to the filing of this case in October 2009 to be pertinent, *see Brown v. Unified Sch. Dist. 501*, 465 F.3d 1184, 1186 (10th Cir. 2006) (explaining deadlines applicable to Title VII suit in Kansas). She added that she "filed a complaint on February 14, 2009," R. Vol. 1 at 155, but did not indicate with whom, under what statute, or over what particular incidents.

initial order. She later attempted to submit some additional administrative documentation, but the magistrate judge rejected it for procedural deficiencies in an order issued pursuant to his authority under 28 U.S.C. § 636(b)(1)(A). Since plaintiff never sought review of this order from the district court, we have no jurisdiction to consider the matter, *SEC v. Merrill Scott & Assocs.*, 600 F.3d 1262, 1269 (10th Cir. 2010); *Boyd Motors, Inc. v. Emp's Ins. of Wausau*, 880 F.2d 270, 271 (10th Cir. 1989) (per curiam), and thus take the record as we find it.[5]

Although district court did not expressly say so, the same basic deficiency was fatal to plaintiff's KAAD claim, for which full exhaustion of remedies is also a jurisdictional prerequisite, *see Sandlin v. Roche Labs., Inc.*, 991 P.2d 883, 887-89 (Kan. 1999). Where the statutory procedure is terminated by the KHRC short of a formal adjudication, exhaustion is complete upon the KHRC's issuance of a finding of no probable cause. *Van Scoyk v. St. Mary's Assumption Parochial Sch.*, 580 P.2d 1315, 1317-18 (Kan. 1978); *Mattox v. Dep't of Transp.*, 747 P.2d 174, 175 (Kan. App. 1987). Our record does not contain either a finding of no probable cause or an order after formal adjudication by the KHRC.

---

[5] The new documentation would not have dictated a different result. It included two EEOC right-to-sue letters issued after this case was filed. While post-filing actions may, in very limited circumstances, cure exhaustion defects, *Mires v. United States*, 466 F.3d 1208, 1209, 1211-12 (10th Cir. 2006), even if such circumstances were evident here, the EEOC letters would not have aided plaintiff's case. One just refers to her pay claim, R. Vol. 107-08, which we have noted is fatally deficient for other reasons, while plaintiff did not include any materials to show the nature of the other claim at all, *see id.* at 106, 109.

The decision of the district court to dismiss this action is AFFIRMED. We note, however, that many of the grounds for dismissal are jurisdictional, which dictate a dismissal without prejudice. We therefore REMAND this matter to the district court solely for it to modify its judgment to specify that the claims that fail on jurisdictional grounds are dismissed without prejudice.

Entered for the Court

Bobby R. Baldock
Circuit Judge