NOT DESIGNATED FOR PUBLICATION

No. 113,577

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CRAIG PITTMAN,
*Appellant,*

v.

ANITA BLISS,
*Appellee.*

MEMORANDUM OPINION

Appeal from Labette District Court; ROBERT J. FLEMING, judge. Opinion filed December 18, 2015. Affirmed.

*Craig Pittman*, pro se appellant.

*Marcos A. Barbosa*, of Baker Sterchi Cowden & Rice, LLC, of Kansas City, Missouri, for appellee.

Before SCHROEDER, P.J., PIERRON, J., and HEBERT, S.J.

*Per Curiam*: Craig Pittman appeals the denial of his claim for personal injury alleging he was kicked by Anita Bliss, his supervisor and an employee of Aramark Correctional Services LLC. The district court denied his claim for relief based on his failure to exhaust administrative remedies. Our review of the record reflects the district court did not err in finding Pittman failed to timely file a claim for personal injury. Additionally, we note that in processing this appeal, Pittman violated Supreme Court Rule 6.02(a)(4) and (a)(5) (2015 Kan. Ct. R. Annot. 41) by failing to cite to the record in support of his claim of error. We affirm.

1

FACTS

On October 21, 2013, Pittman, an inmate at the Oswego Correctional Facility (OCF), sued Anita Bliss, "in her individual capacity, and under the corporate umbrella of, Aramark Correctional Services, LLC. [Aramark]," to recover damages of $25,000 for assault and battery. In his pro se petition, Pittman alleged that while he was carrying out his responsibilities as a cook for Aramark on April 9, 2013, Bliss, his supervisor, intentionally "kicked [him] in his rearend [*sic*] (butt)." Pittman indicated that "[a]fter the assault, [he] called #50 [a hotline for complaints and grievances], with-in [*sic*] the jurisdiction of, [the Kansas] Department of Corrections [KDOC]."

Bliss subsequently moved to dismiss Pittman's petition for failing to properly exhaust his administrative remedies, as required by K.S.A. 75-52,138 and K.A.R. 44-16-104a, because he did not file any "accompanying attachments as conclusive proof" he complied with this requirement. Relying on *Redford v. State ex rel. Dept. of Corrections*, No. 106,787, 2013 WL 781102 (Kan. App. 2013) (unpublished opinion), Bliss contended that although Pittman sued her in her individual capacity and as an employee of Aramark, the exhaustion requirement is not "solely reserved for cases brought against the State." Bliss contended that inmates must exhaust administrative remedies when attempting to sue private contractors, such as Aramark, who perform an essential function for the KDOC because the State "must provide a certain level of security, medical services and food to the inmates, [and, thus,] [w]hen . . . Pittman alleges a personal injury caused by his interactions with an [Aramark] employee while incarcerated, he is in fact alleging that he was harmed while in the [K]DOC's custody."

Pittman disputed Bliss' contention that the exhaustion requirement applied to KDOC contractors. He alleged that he was not required to pursue administrative remedies prior to filing his civil lawsuit because such remedies were inadequate to address his personal injury claim. Nevertheless, Pittman maintained he properly exhausted his

2

administrative remedies and had inadvertently neglected to attach proof of such exhaustion to his petition. Accordingly, Pittman provided the district court with several documents, which he alleged satisfied the exhaustion requirement.

First, Pittman noted that he "notified prison officials of the battery committed by [Bliss] through the prison[']s Tips Hotline by dialing 'pound 50' 1 days [*sic*] after the battery. [Citation omitted.]" Second, Pittman provided the district court with a letter he received from James Heimgartner, the warden at the El Dorado Correctional Facility (EDCF), regarding an "Emergency Grievance" he filed, which reads as follows:

> "Your 'Emergency' grievance dated April 17, 2013, was received in my office on April 23, 2013.
> "Per 44-15-106 Emergency Procedure, Emergency Grievances shall mean those grievances for which disposition according to the regular time limits would subject the inmate to *a substantial risk of personal injury, or cause other serious and irreparable harm to the inmate.*
> "It is determined that your complaint is not an emergency; it is being forwarded to CCII K. Miller for the purpose of resolution."

Third, Pittman attached a KDOC inmate grievance form he completed on April 17, 2013, in which he lodged a complaint against Bliss. Finally, Pittman attached a letter Douglas W. Burris, a Corrections Manager for the EDCF, sent him on May 28, 2013, which states:

> "I received correspondence which included a disciplinary appeal and letter that alleges inappropriate behavior from an Aramark staff member.
> "Your claims of inappropriate staff behavior will be reviewed by administrative staff.
> "However, your full disciplinary report and appeal has already been addressed and answered in full. It will not be revisited."

In response, Bliss contended that Pittman's attachments did not prove he properly exhausted the administrative procedures governing personal injury claims because the

evidence pertaining to his "'Emergency Grievance'" indicated KDOC staff did not receive this complaint until April 23, 2013, which fell outside the 10-day window set forth in K.A.R. 44-16-104a for initiating personal injury claims. Further, even if Pittman had forwarded his grievance within 10 days, "'[t]he grievance procedure shall not be used in any way as a substitute for, or as part of, the . . . personal injury claims procedure.' [Citation omitted.]"

On August 18, 2014, the district court held a telephone conference with the parties. At the conclusion of that conference, the district court instructed the parties to provide the court with additional authority and supportive evidence addressing the following:

"1.     Whether or not the requirement as set forth by K.A.R. §44-16-104a requiring the filing of claims within ten days applies to a private contractor, rather than an employee of the [K]DOC;

"2.     . . . [W]hether phone notification of a 'battery' complies with [the] K.A.R. §44-16-104a notice requirement; and

"3.     . . . [P]roof that [Pittman] personally handed the unit team a copy of his claim form on April 17, 2013, as alleged by [Pittman]."

After reviewing the supplemental written authority provided by the parties, the district court issued an order granting Bliss' motion to dismiss Pittman's lawsuit for failure to properly exhaust his administrative remedies. In particular, the district judge found that the administrative procedure set forth in K.A.R. 44-16-104a governs inmate personal injury claims filed against the KDOC *and* its private contractors. While there was no factual evidence to refute Pittman's claim he filed a grievance, the district court found the administrative procedure for dealing with inmate personal injury claims is separate and distinct from the procedure for handling grievances. One cannot be substituted for the other. The district court explained:

4

"[Pittman] claims that on April 10, 2013, the day following the incident complained of, [he] contacted Sargent Lopez and informed him of the alleged battery by [Bliss]. [Pittman] claims that he was informed that he could report the battery by dialing #50 from the inmate telephone and that he did so. [Pittman] has produced Exhibit A, a purported receipt acknowledging receipt of his grievance by CCI Philbrick dated 4-17-13. It is attached hereto.

"There is no factual evidence to refute the [Pittman]'s assertions regarding notice of his grievance. However, as noted above, there is a difference between a grievance and a claim for personal injuries. A claim for personal injuries typically contains a summary of the facts which gave rise to the injury; a detailed list of injuries and medical expenses; a list of out-of-pocket expenses; a statement of the on-going pain, suffering and/or emotional distress; supporting documents; and a monetary demand. It appears that [Pittman] has not filed a claim for personal injuries, and his ten-day window for filing the same has now lapsed."

Pittman timely appeals.

ANALYSIS

*Failure to Exhaust Administrative Remedies*

Before addressing the merits of Pittman's arguments, it is important to note Pittman violated Kansas Supreme Court Rule 6.02(a)(4) and (a)(5) (2015 Kan. Ct. R. Annot. 41) by failing to cite the record in support of *any* of the factual assertions he sets forth in his brief. While appellate courts must liberally construe pro se pleadings to give effect to the content rather than rely on the form or label of the pleading, Kansas courts still hold pro se litigants to the same procedural and evidentiary rules as licensed attorneys. *In re Estate of Broderick*, 34 Kan. App. 2d 695, 701, 125 P.3d 564 (2005), *cert. denied* 555 U.S. 1178 (2009). Thus, this court finds Pittman's factual allegations "made without a reference to volume and page number has no support in the record on appeal." Supreme Court Rule 6.02(a)(4) (2015 Kan. Ct. R. Annot. 41).

5

Furthermore, Pittman's statement of the issue to be decided on appeal does not conform to the position he takes in the arguments and authorities section of his appellate brief. In particular, Pittman describes the issue on appeal as: "Plaintiff requirement for Exhaustion of Administrative Remedies does not apply to Private Contractors." Pittman never discusses this issue; instead, he contends he sufficiently exhausted his administrative remedies. Issues and points not briefed by the appellant or raised incidentally in a brief and not argued therein are deemed waived and abandoned. See *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 645, 294 P.3d 287 (2013); *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011). Moreover, failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue. *State v. Tague*, 296 Kan. 993, 1001, 298 P.3d 273 (2013). Accordingly, the only issue properly before this court is whether Pittman properly exhausted his administrative remedies; a question of law over which this court's review is unlimited. See *In re Habeas Corpus Application of Pierpoint*, 271 Kan. 620, 622-23, 24 P.3d 128 (2001).

The doctrine of exhaustion of administrative remedies dictates an administrative remedy, provided by law, "'must be sought and completed before courts will act.' [Citation omitted.]" *Sandlin v. Roche Laboratories, Inc.*, 268 Kan. 79, 86, 991 P.2d 883 (1999). Kansas law requires inmates to exhaust "administrative remedies, established by rules and regulations promulgated by the secretary of corrections" prior to bringing a civil action against "the state of Kansas, any political subdivision of the state of Kansas, any public official, the secretary of corrections, the warden, the sheriff, or an employee . . . while such employee is engaged in the performance of such employee's duty." K.S.A. 75-52,138. The administrative procedure for dealing with inmate personal injury claims is separate and distinct from the procedure for handling grievances. K.A.R. 44-15-101a(d)(2) expressly provides: "The grievance procedure shall not be used in any way as a substitute for, or as part of, the . . . property loss or personal injury claims procedure."

6

Currently, the claims procedure for personal injury claims, governed by K.A.R. 44-16-104a, necessitates the filing of a claim with the prison, "in accord with the department of corrections' internal management policies and procedures," within 10 days of sustaining the injury. "The exhaustion requirement set forth in K.S.A. 75-52,138 is a mandatory, but nonjurisdictional, prerequisite to filing suit that must be strictly enforced by the court." *Chelf v. State*, 46 Kan. App. 2d 522, Syl. ¶ 4, 263 P.3d 852 (2011). Accordingly, inmates filing a civil action must file proof of proper administrative exhaustion with their petition. K.S.A. 75-52,138.

Pittman claims he complied with K.S.A. 75-52,138 and K.A.R. 44-16-104a because the day after the incident with Bliss, he filed a property damage/loss or personal injury claim form with Sergeant Lopez, a former KDOC employee who, at the time, served as the "property officer" for the OCF. However, according to Pittman he subsequently discovered Sergeant Lopez "'lost or misplaced'" his form. After discovering the form had been lost, Pittman had Robert A. Brill, a Unit Team Counselor for the KDOC, notarize a new claim form on December 29, 2014—3 months after the district court dismissed Pittman's petition. Pittman appended a copy of this form to his appellate brief because, according to Pittman, the district judge "had ruled on the case before [he] could send a copy of the claim" form to the district court.

Appellate courts will not consider items appended to an appellate brief, which were never presented to the district court and are not found in the record. The appendix is limited to containing extracts from the record on appeal for the court's convenience. It cannot serve as a substitute for the record itself. Kansas Supreme Court Rule 6.02(b) (2015 Kan. Ct. Rule Annot. 41); see *Edwards v. Anderson Engineering, Inc.*, 284 Kan. 892, 895, 166 P.3d 1047 (2007); *Romkes v. University of Kansas*, 49 Kan. App. 2d 871, 886, 317 P.3d 124 (2014). "The burden is on the party making a claim to designate facts in the record to support that claim; without such a record, the claim of error fails. [Citation omitted.]" *Romkes*, 49 Kan. App. 2d at 886.

Pittman's appeal fails because this court cannot consider the document he relied upon, as it was only attached to his brief. By failing to designate facts in the record supporting his claim, Pittman has abandoned his challenge to the district court's finding that he failed to exhaust his administrative remedies in pursuing his claim against a private KDOC contractor.

Affirmed.